38719.   GEORGIA BOWLING ENTERPRISES, INC.
v. ROBBINS, by Next Friend.

DECIDED MARCH 8, 1961.

*Perry, Walters & Langstaff, Jesse W. Walters,* for plaintiff in error.

*J. Neely Peacock, Jr.,* contra.

FELTON, Chief Judge. The petition, as amended, set forth a cause of action in that it stated that the owner of a place of recreation failed to exercise ordinary care in the protection of the plaintiff guest against the misconduct of another guest. *Adamson v. Hand,* 93 Ga. App. 5 (90 S. E. 2d 669). In addition, the defendant assigns as error the overruling of that portion of its demurrer directed at two paragraphs of the plaintiff's petition. Such assignment of error is without merit, for after the defendant demurred the plaintiff amended his petition in the particulars demurred to and in so doing he cured any defect which may have existed in the original petition. Especially is this true when the demurrer is not renewed after the petition has been amended.

The motion for a new trial and the motion for judgment notwithstanding the verdict are both predicated generally upon the same assignments of error, i.e. that the verdict is contrary to the law and the evidence; that the verdict is excessive; that the charge of the court in regard to *Code* § 105-401 constituted an erroneous interpretation of said section. We cannot agree. *Code* § 105-401 provides: "Where the owner or occupier of land, by express or implied invitation, induces or leads others to come upon his premises for any lawful purpose, he is liable in damages to such persons for injuries occasioned by his failure to exercise ordinary care in keeping the premises and approaches safe." The application of this section cannot be restricted to

purely physical defects in real property or personal property located thereon. It must be interpreted to include risks upon the premises in the nature of vicious animals or ill-tempered individuals likely to inflict harm upon invitees visiting upon the premises. The court properly charged the jury in regard to contentions of both parties as applied to *Code* § 105-401. While the evidence is somewhat scanty in proving permanent or severe injury, enough testimony was given by the examining doctor and other witnesses to justify the jury's verdict. If the altercation and resulting injury happened suddenly and without warning and the defendant could not, by the exercise of reasonable care, have discovered or prevented it, there could be no recovery. It is also true that the owner or occupant of premises which are used for business purposes is not the insurer of the safety of invitees. However, where there is a duty to exercise ordinary care and to keep the premises in a reasonably safe condition, as required by *Code* § 105-401, a jury could reasonably find that the defendant was guilty of negligence if he could expect or anticipate violent conduct on the part of one guest toward another guest. It is immaterial that the person in this case committing the assault was the wife of the defendant corporation's manager so long as knowledge of her previous violence was imputed to the corporation through its manager. It is the duty of a proprietor to protect an invitee from injury caused by the misconduct of employees, customers and third persons if there is any reasonable apprehension of danger from the conduct of said persons or if injury could be prevented by the proprietor through the exercise of ordinary care and diligence. *Moone v. Smith,* 6 Ga. App. 649 (1) (65 S. E. 712).

For this and other reasons stated herein, the court did not err in overruling the general demurrer, the motion for a new trial, and in refusing to grant a judgment notwithstanding the verdict.

*Judgments affirmed. Nichols and Bell, JJ., concur.*