42052.   CLARK, by Next Friend v. RICH'S, INC. et al.

FRANKUM, Judge. 1.   Where, in a petition seeking damages on account of injuries sustained by the plaintiff by reason of the wrecking of an automobile alleged to have been proximately caused by the negligence of the defendants in maintaining the parking lot of a shopping center, it appears that the plaintiff, together with his brother, went to the shopping center at 10:20 p.m., on the night of the injury for the purpose of trading with the defendant department store located therein, and where the sole reason assigned for visiting the center at such an hour was that the shopping center had been opened only for a few weeks and "all stores had not been opening and closing at the same time and because of its recent opening plaintiff felt that Rich's, Inc. store would be opened for business at the time he entered upon the parking lot," in the absence of allegations that the defendant Rich's, Inc. store had in fact on previous occasions been open at such a late hour, and that the plaintiff knew that it had been opened at such a late hour, or of an allegation that some other store or stores in the shopping center were open at the time, these allegations were insufficient to establish that the plaintiff was an invitee on the premises rather than a mere licensee.   Construing the allegations of the petition most strongly against the pleader, as we are required to do on general demurrer, the plaintiff alleges that it is not customary for department stores such as the defendant Rich's to remain open until 10:20 p.m., and we would be inclined to apply this custom to the allegations of the petition if this construction were not authorized, under the principle of judicial notice.   *Code* § 38-112.   One who goes upon the premises of a merchant at a time other than a time when such merchant might reasonably be expected to be open for business or at a place to which the invitation to visit does not extend is, at most, a mere licensee on the premises.   Nocar v. Greenberg (Maryland), 124 A2d 757, 763; *Mandeville Mills v. Dale,* 2 Ga. App. 607, 611 (58 SE 1060).
2. The owner or occupier of premises owes to a mere licensee

only the duty not to injure him wilfully or wantonly once his presence is discovered or to maintain a pitfall or mantrap on the premises. *Code* § 105-402; *Cobb v. First Nat. Bank of Atlanta,* 58 Ga. App. 160 (2a, b) (198 SE 111); *Leach v. Inman,* 63 Ga. App. 790 (1) (12 SE2d 103); *Pries v. Atlanta Enterprises, Inc.,* 66 Ga. App. 464, 468 (17 SE2d 902).

3. The allegations of the petition in this case show that the plaintiff was injured when the automobile in which he was riding as a guest passenger was driven over a curbing marking the boundary of the defendants' parking lot where it adjoined the right of way of a public street or highway which had thereon a ditch six feet in depth located between the defendants' parking lot and the traveled portion of the highway, the automobile in which the plaintiff was riding thereby plunging into the ditch, resulting in the injuries to the plaintiff. The negligence charged against the defendants consisted in their creating an optical illusion by paving the parking lot with dark asphalt and erecting on its boundary a curbing of the same material or color which was also the color of the traveled portion of the street beyond, thus creating the impression on the driver of the automobile being operated on defendants' parking lot that a smooth and continuous way was afforded to him for exiting from the lot; and in failing to place any sign or warning device on the boundary of the lot, or to paint the curbing thereof a different and contrasting color. Clearly, these allegations do not show a wilful and wanton injury, nor do they show that the defendants created a mantrap or pitfall so as to render them liable to the plaintiff licensee. See *Sanders v. Jefferson Furniture Co.,* 111 Ga. App. 59 (140 SE2d 550), and cases there cited and reviewed.

4. The trial court did not err in sustaining the general demurrer to the petition and in dismissing it.

*Judgment affirmed. Felton, C. J., and Pannell, J., concur.*

Argued June 6, 1966—Decided September 6, 1966.

*Holcomb & McDuff, Frank D. Holcomb, Robert E. McDuff, Donald Dennis,* for appellant.

*Bryan, Carter, Ansley & Smith, Henry M. Quillian, Jr., Smith, Ringel, Martin & Lowe, H. A. Stephens, Jr.,* for appellees.