### 53765. BOWLING v. JANMAR, INC.

ARGUED APRIL 7, 1977 — DECIDED APRIL 19, 1977.

*Edge & Edge, Eugene F. Edge,* for appellant.
*Smith, Cohen, Ringel, Kohler & Martin, Harold A. Horne, Jr.,* for appellee.

DEEN, Presiding Judge.

It is urged that the defendant is liable to the plaintiff for breach of its duty to him under Code § 105-401. The appellant's deposition reveals that he was approaching the door of the restaurant when the attacker rushed by and without a word began to strike and kick him. It appears that there had been an altercation inside the premises between the assailant and one of the defendant's employees over the disappearance of a "tip" left on a table by a patron. During this altercation the appellant was not inside and when the attacker ran out of the restaurant the appellant was assaulted.

The defendant is liable to the plaintiff, if at all, for failing to protect him from the misconduct of a third person, the attacker. An occupier of land is liable for injuries sustained by an invitee upon his premises through a dangerous condition created by a third person only after the occupier has knowledge of, or by the exercise of ordinary care could have discovered, the hazardous condition, and then fails to use reasonable care to eliminate it. *Norwood v. Belk-Hudson Co.,* 107 Ga. App. 278, 280 (129 SE2d 810). This is not a case where the defendant-appellee was aware of a "dangerous condition" created by other invitees and chose to do nothing about it. *Adamson v. Hand,* 93 Ga. App. 5 (90 SE2d 669); *Moone v. Smith,* 6 Ga. App. 649 (1) (65 SE 712); *Swope v. Farrar,* 66 Ga. App. 52 (17 SE2d 92). Nor is it a case where the

assailant was an employee of a defendant with knowledge of his servant's dangerous nature. *Henderson v. Nolting First Mtg. Corp.,* 184 Ga. 724 (193 SE 347); *Ga. Bowling Enterprises, Inc. v. Robbins,* 103 Ga. App. 286 (119 SE2d 52). The plaintiff's deposition shows that the attack upon him was sudden, unprovoked, unexpected and occurred some ten to fifteen feet from the door of the restaurant through which the assailant rushed. "It is the duty of a proprietor to protect an invitee from injury caused by the misconduct of. . . third persons if there is any reasonable apprehension of danger from the conduct of said persons or if injury could be prevented by the proprietor through the exercise of ordinary care and diligence. . ." "If the altercation and resulting injury happened suddenly and without warning and the defendant could not, by the exercise of reasonable care, have discovered or prevented it, there could be no recovery." *Ga. Bowling Enterprises, Inc. v. Robbins,* supra, p. 288. There being no dispute as to the facts, and those showing that the appellant was injured by a third party suddenly rushing out of the premises and assaulting him, there is no liability under Code § 105-401. Under these facts the appellant's sole remedy we believe to be under Code §§ 105-601, 105-602.

Pretermitting the question of the appellee's negligence under Code § 105-401, summary judgment was properly granted under the facts. The appellant was the victim of a sudden and unprovoked criminal assault; the assailant has been tried and convicted for this criminal act. It affirmatively appears that the proximate cause of the injury was an independent, illegal act perpetrated unexpectedly and without warning by a third party, thus insulating and excluding any negligence which would be chargeable to the appellee. *Warner v. Arnold,* 133 Ga. App. 174, 176 (210 SE2d 350) and cits.

*Judgment affirmed. Webb and Marshall, JJ., concur.*