## 60376. McCLENDON v. CITIZENS & SOUTHERN NATIONAL BANK.

BANKE, Judge.

The appellant was robbed at gunpoint by two female assailants in the parking lot of a bank at which she had just transacted business. She filed this lawsuit alleging that the bank had failed to exercise reasonable care for her safety. This appeal follows a directed verdict for the bank. *Held:*

The evidence showed that the attack took place at her car, about 15-20 feet from the bank door, at approximately 4:00 p.m. Appellant had not seen her attackers in or near the bank prior to the attack. Security officers responded to an alarm system within minutes of the

occurrence. One officer was about a block away, and the other within several blocks, when they received the alarm. They testified that procedure called for them to be in close proximity to the bank, rather than in it. The officers were primarily concerned with bank robberies and knew of no other parking lot attacks at this bank. An Atlanta police officer who also responded to a call concerning the incident testified that he had previously responded to at least 10 alarms at defendant's bank. He was not asked, nor is there any evidence to show, whether these alarms involved criminal activity. One of appellant's attackers was apprehended nearby. Both were tried and convicted for their crimes. *Held:*

"It is the duty of a proprietor to protect an invitee from injury caused by the misconduct of employees, customers and third persons if there is any reasonable apprehension of danger from the conduct of said persons or if injury could be prevented by the proprietor through the exercise of ordinary care and diligence." *Ga. Bowling Enterprises v. Robbins,* 103 Ga. App. 286, 288 (119 SE2d 52) (1961). Ordinarily, even where the proprietor's negligence is shown, he would be insulated from liability by the intervention of an illegal act which is the proximate cause of the injury. See *Gallovitch v. Ellis,* 55 Ga. App. 780 (191 SE 384) (1937). "However, the above rule has been held inapplicable if the defendant (original wrongdoer) had reasonable grounds for apprehending that such criminal act would be committed." *Warner v. Arnold,* 133 Ga. App. 174, 177 (210 SE2d 350) (1974). See generally Code § 105-401.

There was no evidence that appellee was aware of a dangerous situation and chose to ignore it. Instead, the evidence shows without dispute that no robberies had previously occurred in the parking lot of the bank. Thus, the trial court properly directed a verdict for the appellee. Accord, *Bowling v. Janmar, Inc.,* 142 Ga. App. 53 (234 SE2d 849) (1977).

*Judgment affirmed. McMurray, P. J., and Smith, J., concur.*

Submitted September 3, 1980 — Decided September 18, 1980.

*Adele P. Grubbs,* for appellant.
*Sidney F. Wheeler, Michael T. Bennett,* for appellee.