69311. WINKLER, INC. et al. v. VILSTON, N. V. et al.
(324 SE2d 542)

BANKE, Presiding Judge.

Winkler, Inc., operated a restaurant and lounge in a shopping center owned by Vilston, N. V., a Netherlands Antilles corporation. After patronizing the lounge one evening, Hubert M. Rocker was attacked by a person who had allegedly been ejected from the lounge earlier that evening for belligerent conduct. Rocker died as a result of the injuries he sustained during this incident. His parents brought this wrongful death action against Winkler, Inc., and several of its officers, including its president, Kenneth R. Winkler, alleging that they had failed to exercise reasonable care to protect patrons of the lounge from such injuries. The defendants then filed a third-party complaint against Vilston, N. V., as well as its managing agent, Intershop HFA Management USA Company Agent, alleging that because the attack had occurred in a common area of the shopping center, the third-party defendants were liable to them in contribution as joint tortfeasors for their alleged negligence in failing "to make the premises safe as required by law." The third-party complaint was also grounded on allegations that the third-party defendants were contractually obligated under the terms of the lease agreement to indemnify Winkler by providing public liability insurance for injuries sustained in the common area. This appeal is from the trial court's grant of summary judgment to the third-party defendants. *Held:*

1. The trial court erred in granting summary judgment to the appellees with respect to the contribution claim. Although a defendant is not generally permitted to offer a substitute defendant by third-party complaint, a third-party complaint is nevertheless maintainable under OCGA § 9-11-14 (a) against a joint tortfeasor for contribution. See *Hyde v. Klar*, 168 Ga. App. 64 (308 SE2d 190) (1983). See also *Marchman & Sons v. Nelson*, 251 Ga. 475 (306 SE2d 290) (1983). If appellants should be found liable to the plaintiffs for negligently failing to protect their son from the unruly conduct of another patron which commenced inside appellants' premises but continued in the common area controlled by appellees, and appellees should be determined to be contributorily negligent in failing to provide reasonable security for customers in the common area, then appellants would be

entitled to contribution from the appellees. Accord *Hyde v. Klar*, supra.

"[I]n a motion for summary judgment by a defendant, the burden is on the movant to affirmatively negative plaintiff's claim and show plaintiff is not entitled to recover under any theory of the case. [Cit.]" *Hall v. Skate Escape*, 171 Ga. App. 178, 181 (319 SE2d 67) (1984). An owner or occupier of land has a duty to protect an invitee from injury caused by the misconduct of third persons "if there is any reasonable apprehension of danger from the conduct of said persons or if injury could be prevented by the proprietor through the use of ordinary care and diligence." *Ga. Bowling Enterprises v. Robbins*, 103 Ga. App. 286, 288 (119 SE2d 52) (1961). See also *McClendon v. C & S Nat. Bank*, 155 Ga. App. 755 (272 SE2d 592) (1980); *Hewett v. First Nat. Bank of Atlanta*, 155 Ga. App. 773 (272 SE2d 744) (1980); *Bowling v. Janmar, Inc.*, 142 Ga. App. 53 (234 SE2d 849) (1977). As appellees submitted no evidence whatever in response to the allegations that they were negligent in failing to make the common areas of the shopping center safe for invitees, they did not sustain their burden of negating this theory of liability.

2. The lease agreement in effect at the time of the attack on Rocker, which occurred in January of 1980, obligated Winkler to pay a monthly "Common Area Charge" for certain expenses incurred in the maintenance and upkeep of the common area; however, public liability insurance was not included in these common expenses. In a subsequent lease agreement, Winkler again contracted to pay a proportionate share of the expenses for operating and maintaining the common area, including a share of the premiums for liability insurance; however, this agreement did not take effect until September 1, 1980. Winkler submitted evidence that it paid Vilston its share of these proportionate common expenses, including the insurance premiums, for 122 days in 1980, which represents the total number of days between September 1, 1980, and December 31, 1980. However, this obviously does not refute Vilston's showing that it had no obligation to Winkler with regard to the procurement of liability insurance prior to September 1. Accordingly, the trial court did not err in granting summary judgment to the appellees as to the indemnification theory of recovery.

*Judgment reversed. Pope and Benham, JJ., concur.*

DECIDED NOVEMBER 20, 1984.

*E. Phil Duderwicz, I. J. Parkerson, Kennedy R. Packer*, for appellants.

*Albert Sidney Johnson, Palmer H. Ansley, William R. Johnson,*

*Robin N. Loeb, William M. Davidson,* for appellees.