OPINION OF THE COURT
Memorandum.
Judgment modified by vacating the award in favor of plaintiff and dismissing the complaint, and, as so modified, affirmed, without costs.
Briefly, plaintiff claims that spontaneously and without advance discussion he went to defendant bank to pick up his company payroll accompanied by a friend. After much ado and loud verbal exchange between tellers, the payroll was located and given to him. Approximately one-half block from the bank he was robbed of the payroll and then shot by the robber. Plaintiff states in sum that no one had advance knowledge of his intention to go to the bank to pick up the payroll nor had he ever done this before. It is necessary to assume that the robber was in the bank at the time plaintiff received the payroll and was instigated by the alleged wrongful conduct of the bank’s employees to follow plaintiff from the bank and rob him.
It was incumbent upon plaintiff to establish that the negligence of defendant was the proximate cause of his injury. Even if we assume defendant was negligent, without causation such negligence would be "negligence in the air” for which defendant would not be liable (Williams v State of New York, 308 NY 548, 554). There is nothing which would indicate that the assailant was in the defendant bank at the time plaintiff picked up the payroll and learned of the payroll through the banks’s acts. Indeed, the evidence indicates otherwise since the assailant first demanded the payroll from plaintiff’s companion rather than from plaintiff. Mere conjecture, surmise, speculation, bare possibility or a mere scintilla of evidence is not enough to justify submission of an issue to the jury (Laidlaw v Sage, 158 NY 73).
Furthermore, the alleged negligent acts of defendant involved the bank’s tellers shouting back and forth to each other, inquiring as to the location of the payroll. It is claimed that these "negligent” acts made the assailant aware that *661 plaintiff was picking up a payroll and resulted in the robbery in which plaintiff was injured. However, this shouting back and forth imparted no greater knowledge to those in the bank than they would have had if no shouting had taken place. Plaintiff was on a line for picking up payrolls, and there were signs indicating that this was the payroll department. To find the bank negligent, we would have to hold that a bank breaches a duty to its customers when it places signs indicating the parts of said bank in which various services are offered. We are not prepared to so hold.
Moreover, no proof was offered to establish that there had been prior similar incidents, except for one witness’ testimony that he had heard of at least one robbery outside the bank. There was no showing of when or where these incidents occurred, or any other details concerning them. Plaintiff, therefore, failed to establish foreseeability (see, Ianelli v Powers, 114 AD2d 157; McClendon v Citizens & S. Natl. Bank, 155 Ga App 755, 272 SE2d 592).
In sum, the jury was asked to reason backwards from an unfortunate event and develop a hypothesis to impose liability on the bank. One of the classic logical fallacies is denominated by the proposition: post hoc, ergo propter hoc. In effect, the assumption that a given event, on the basis of its temporal occurrence, is deemed caused by an antecedent event. In other words, if event "B” follows event "A” it is assumed that event "A” caused event "B”. It seems clear to this court that plaintiff has set forth a series of disparate events and without any substance therefor propounded a theory of causality based on a temporal relationship so as to foist responsibility upon defendant bank. Alternatively, it should be declared that had the bank been more taciturn in delivering the payroll to plaintiff in the payroll delivery area, the "observant” robber would not have selected plaintiff as the victim of the theft. We see no basis to infer a "portal to portal” liability, viz., that the bank is responsible for the robbery resulting in plaintiff’s injury that could have occurred from the time he left the bank until he arrived at his destination, i.e., his place of employment.
Under the circumstances, we conclude that plaintiff failed to make out a prima facie case and that the judgment in his favor cannot stand (see, Ianelli v Powers, supra).
Although the issue of the dismissal of the third-party complaint has been rendered academic by our disposition, we note *662 that such dismissal by the court below was proper since there was no proof of any negligence on the part of the third-party defendant.
Kassoff, J. P., and Lerner, J., concur; Monteleone, J., dissents in a separate memorandum.
Monteleone, J., dissents in the following memorandum and votes to affirm the judgment in favor of plaintiff.
I cannot agree with the result reached by the majority. The proximate cause of plaintiff’s injury was a question of fact for the jury, and we should view the evidence in the light most favorable to plaintiff and plaintiff must be accorded the benefit of every possible inference (Negri v Stop & Shop, 65 NY2d 625). The record indicates that plaintiff had never picked up the payroll before the assailant demanded "Give me the payroll”. From this, the jury could reasonably infer that the assailant was in the defendant bank at the time the payroll was picked up. To hold that a jury verdict is not supported by sufficient evidence, there must be no valid line of reasoning and permissible inferences which could possibly lead rational men to the conclusion reached by the jury on the basis of the evidence presented at trial (Nicastro v Park, 113 AD2d 129). Such is not the situation in the case at bar.
The issue of negligence was also a question of fact for the jury, and in my view plaintiff established departures from accepted banking practices which constituted negligence.
It is my opinion that, upon examining the record on appeal and being mindful of the foregoing principles, one cannot evade the ineluctable conclusion that the judgment must be affirmed.