71762. ARMSTRONG v. SUNDANCE ENTERTAINMENT, INC.
(347 SE2d 292)

BENHAM, Judge.

Appellant brought suit against appellee to recover damages for injuries suffered when appellant was shot outside appellee's nightclub. Asserting that there are genuine issues of material fact, appellant brings this appeal from the grant of summary judgment to appellee. We affirm.

"The liability of [appellee] depends upon whether [appellant], at the time he suffered his . . . injury, was . . . a licensee or an invitee . . . Under OCGA § 51-3-2, the owner or proprietor of the premises is liable only for wilful or wanton injury to a licensee, whereas under OCGA § 51-3-1 the landowner or occupier owes an invitee the duty to exercise ordinary care in keeping the premises safe . . .

"To determine whether a person is an invitee or a mere licensee, the nature of his relation or contact with the owner or occupier of the premises must be determined. The test is 'whether the injured person *at the time of the injury* had *present* business relations with the owner of the premises which would render his presence of mutual aid to both, or whether his presence on the premises was for his own convenience . . .' [Cit.]

"If an invitee does not go beyond that part of the premises to

which, as it reasonably appears to him the invitation extends, he does not become a licensee. [Cit.] If, however, he does go beyond that part to which he is invited, he becomes a mere licensee. [Cits.]" *Atkins v. Tri-Cities Steel*, 166 Ga. App. 349, 350 (304 SE2d 409) (1983). (Emphasis supplied.)

It is apparent to us from the language emphasized above that the requirement that an invitee not go beyond the limits of his invitation extends to the temporal dimension as well as the spatial: one who uses the premises of a merchant at a time beyond that to which an implied invitation extends is a mere licensee. See *Clark v. Rich's*, 114 Ga. App. 242 (1) (150 SE2d 716) (1966).

The uncontradicted evidence in the record shows that appellee's business had closed for the night prior to the occurrence of appellant's injury. Affidavits by appellee's employees established that the nightclub had closed its doors for the night before appellant was accosted and shot. Appellant's affidavit and that of a companion indicated that appellant had departed the club and had sat for some time in his car before the events which led to his injury.

Under those circumstances, we find that there are no questions of fact regarding appellant's status at the time of his injury: he was a licensee. There being no evidence that appellee wilfully or wantonly caused injury to appellant, judgment for appellee was demanded.

*Judgment affirmed. Deen, P. J., and Beasley, J., concur.*

DECIDED JUNE 20, 1986 —
REHEARING DENIED JULY 7, 1986.

*C. Nathan Davis*, for appellant.
*J. M. Hudgins IV, Peter Zack Geer*, for appellee.