## 77077. LEE v. MYERS.
### (374 SE2d 797)

Beasley, Judge.

We granted defendant Lee interlocutory appeal from the denial of his motion for summary judgment. The suit was brought by Myers for personal injuries she sustained when she fell on a set of metal steps at the Columbus Farmers' Market, then managed by Lee, an employee of the Georgia Department of Agriculture.

The evidence construed most favorably for plaintiff Myers, *Blount v. Seckinger Realty Co.*, 167 Ga. App. 778, 779 (1) (307 SE2d 683) (1983), showed the following. One Saturday evening, Myers was visiting the home of her friend Mrs. Watford. Mrs. Watford's husband was an owner and operator of Bi-City Produce Company, a produce business located in the wholesale section of the Columbus Farmers' Market. The business was primarily a wholesale one but on occasion the public was permitted to make purchases, and on occasion the business solicited the public by mail.

Myers told Mr. Watford she wanted to buy some produce but did not want to wait until the market's regular operating hours. Watford agreed to allow Myers to accompany his wife and granddaughter to the market, where he was going that night to do paperwork.

After arriving at the market, Myers ascended a set of metal steps located at one end of the loading dock. She noticed that the steps were "wobbly," "not sturdy," "unbalanced." The area was well lit and Myers could see clearly, but she did not notice that the steps were not anchored to the loading dock. She said she "paid no attention" to whether they were anchored down. The steps were not the only means of ingress and egress.

After purchasing several bags of produce, Myers proceeded to leave with Mrs. Watford and her granddaughter. Mrs. Watford and the granddaughter stepped off the front of the loading dock onto the ground. Myers chose to descend the same metal steps she had come up. As she approached the steps, she looked to take the handrail to go down. As she had one foot still on the concrete loading dock, she put her other foot on the top step and tried to take hold of the handrail

when the steps suddenly moved forward and out from the concrete dock. She lost her balance and fell.

There was no evidence of any such prior mishaps with use of the steps.

Myers sued Bi-City Produce, Lee, and John Doe. She alleged it was defendants' duty 1) to exercise ordinary care and diligence to design, build, keep and maintain the steps in a condition reasonably safe for their intended uses and free from all defects and conditions which would render them dangerous and unsafe or present an unreasonable risk of harm in her lawful and reasonable use of them; 2) to exercise reasonable care to protect her, by inspection and other affirmative acts, from the danger of reasonably foreseeable injury occurring from reasonably foreseeable uses of the steps; 3) to use reasonable care in the design, construction, and maintenance of the steps in a manner consistent with and in conformity with recognized standards of step construction, design and safety. She further alleged that 1) defendants had actual or constructive knowledge of the defective condition of the steps and breached their duty to warn her of the dangerous and unsafe conditions existing on the steps; 2) the fall and resulting injuries to her were proximately caused by the defendants' negligence in the particulars aforesaid.

Lee answered the complaint and filed a third-party complaint against the designer and manufacturer of the steps. He contends that the court erred in denying him summary judgment by declining to find as a matter of law that 1) Myers was a mere licensee at the time of the fall and 2) that he had breached no duty to Myers.

1. Appellant argues that Myers was a licensee at the time of the incident because she was on the premises after hours and by permission, so he is not liable because his conduct was neither willful nor wanton.

"The owner or occupier of land is liable to a licensee only for willful or wanton injury. OCGA § 51-3-2 (b). As to an invitee, the owner or occupier of land owes the duty to exercise ordinary care. OCGA § 51-3-1. ' "The general test as to whether a person is an invitee or a licensee is whether the injured person at the time of the injury had present business relations with the owner of the premises which would render his presence of mutual aid to both, or whether his presence on the premises was for his own convenience, or on business with others than the owner of the premises. . . . [Cits.]" ' [Cit.]" *Burkhead v. American Legion, Post 51*, 175 Ga. App. 56 (332 SE2d 311) (1985). See also *Frankel v. Antman*, 157 Ga. App. 26, 27 (276 SE2d 87) (1981).

Under such test, Myers was an invitee. The cases cited by appellant, *Armstrong v. Sundance Entertainment*, 179 Ga. App. 635 (347 SE2d 292) (1986) and *Clark v. Rich's*, 114 Ga. App. 242 (150 SE2d

716) (1966), do not require a different result because Myers did not exceed the temporal or spatial limits of her invitation. Although the wholesale part of the market was officially closed to the general public at the time, Myers was present with express permission and for the intended purpose of purchasing produce, which purpose would have been mutually beneficial to her and to defendant Lee.

2. Appellant's second point is that even if he owed Myers a duty to exercise ordinary care in keeping the premises safe, he did not breach that duty and Myers had equal or superior knowledge of the condition of the steps, barring recovery.

The basis of liability of the owner of property on which an invitee is injured is the superior knowledge by the owner of the existence of a condition that may subject the invitee to an unreasonable risk of harm. *Burdine v. Linquist*, 177 Ga. App. 545, 546 (340 SE2d 198) (1986); *McCoy v. Gay*, 165 Ga. App. 590, 591 (302 SE2d 130) (1983). Relative knowledge is the key. See the discussion in *Clark v. Carla Gay Dress Co.*, 178 Ga. App. 157, 160 (342 SE2d 468) (1986). The gravamen of appellant's argument is that because upon Myers ascent she observed that the steps were "wobbly," "not sturdy," and "unbalanced" by choosing to descend the steps with this knowledge, Myers assumed the risk and dangers incident to the known condition. See *Pound v. Augusta Nat.*, 158 Ga. App. 166,168 (279 SE2d 342) (1981). Lee also maintains that it is undisputed that he had neither actual nor constructive knowledge that the steps might move under a person trying to descend them.

Lee acquired the portable steps for the premises. Consequently, "he may reasonably be charged with knowledge of [the existence of the detached steps] and of the alleged danger presented by [them.] [Cits.]" *Gerdes v. Dziewinski*, 182 Ga. App. 764, 766 (2) (357 SE2d 110) (1987). As to plaintiff's knowledge, while it is true that the uncontradicted evidence is that plaintiff made observations about the unsteady nature of the steps when climbing them, she is not claiming that she was injured as a result of the steps being "wobbly" or "not sturdy" or "unbalanced," but rather because the steps were not anchored to the loading dock and thus were able to move away from it. The evidence construed for the plaintiff does not demand a finding as a matter of law that she had actual knowledge of the detached nature of the steps or that from her observations of their condition upon her ascent she should be charged with constructive knowledge of the detachment and the resulting risk of movement and separation upon her descent. The circumstances present a question of fact as to relativity, that is, as to whether plaintiff's relevant knowledge was equal to or surpassed that of defendant Lee.

In order for Lee to prevail on summary judgment, he had the burden to negate the existence of superior knowledge on his part,

with all doubts and conflicts being resolved in plaintiff's favor. *Gerdes*, supra at 766 (2); *Sealey v. Western Broadcasting*, 168 Ga. App. 493, 495 (309 SE2d 633) (1983). His failure to carry this burden led to the proper conclusion that he was not entitled to summary judgment.

*Judgment affirmed. Birdsong, C. J., and Banke, P. J., concur.*

DECIDED OCTOBER 18, 1988 —
REHEARING DENIED NOVEMBER 1, 1988 — ▆▆▆▆▆▆

*Michael J. Bowers, Attorney General, H. Perry Michael, First Assistant Attorney General, Patricia T. Barmeyer, Senior Assistant Attorney General, Gordon R. Alphonso, Assistant Attorney General, Barbara H. Gallo, Staff Assistant Attorney General,* for appellant.

*Oates, Byars & Hollington, Samuel W. Oates, Jr.,* for appellee.