## A91A0786. SAPP v. EFFINGHAM COUNTY BOARD OF EDUCATION et al.
### (409 SE2d 89)

McMurray, Presiding Judge.

On November 23, 1987, plaintiff-appellant John Darien Sapp and defendant John Matthew Kessler had a confrontation in the lunchroom of defendant-appellee Effingham County High School, where both were students. Kessler was 14 years of age and Sapp, a senior, was over 18. Sapp deposed that Kessler initiated the altercation by threatening to spray him with a can of deodorant, after which words were exchanged. During a brief scuffle, Kessler cut Sapp with a pocketknife on the left hand between the third and fourth knuckles. A guidance counselor accompanied Sapp to the school office where first aid was administered and the incident was reported to defendant-appellee Elizabeth Helmly, an assistant principal at the school. Helmly was told by appellant and a friend who accompanied him to the office that they did not know the boy who cut Sapp, but that his first name might be "Matt." Helmly discussed the situation with Sapp and emphasized that he must let her know immediately if he discovered the student's name or any other information. She also tried to impress upon him the seriousness of the incident and the danger to Sapp if he tried to settle the matter by himself. Sapp agreed to report any information he discovered to Helmly. Helmly spent the remainder of the day attempting to identify "Matt" by having Sapp look in the door of each room where there were students who had the same lunch period, and also by contacting other teachers to inquire whether they had a student named "Matt" who fit the description provided her. However, she was unable to ascertain his identity.

At the completion of classes, Sapp went to the school parking lot, walked past the car of the friend who had driven him to school and went directly to the automobile where Kessler was standing. Sapp asked him, "Why in the hell did [you] cut me?" Sapp, Kessler and Kessler's older brother began arguing and then started fighting, and Kessler retrieved a larger knife from the back seat of his brother's car and slashed Sapp from his mid-back to the rib cage, seriously injuring him. Helmly did not report the lunchroom incident to the school principal or to the police until after the parking lot stabbing.

Sapp brought the instant action against Kessler, his father Joseph Kessler, Helmly and the Effingham County Board of Education. The complaint alleged, inter alia, that Helmly, who was in charge of discipline at the high school, failed to exercise ordinary care in attempting to locate and remove Kessler from the school premises; and that the Board was negligent in employing, training and supervising her. Helmly and the Board moved for summary judgment, which the trial court granted with the express proviso that the ruling did not

affect the plaintiff's rights as to the other named defendants. Sapp appeals. *Held:*

1. Sapp's response to the motion for summary judgment and his arguments now on appeal are, as noted by the trial court, essentially that Helmly should have taken certain actions in addition to what she did to identify Kessler between the time of the lunchroom and the parking lot altercations[s] so as to prevent the later attack. However, as found by the trial court, the severe injury sustained by Sapp in the parking lot, which is the one for which he seeks recovery, was not attributable to appellees but was the result of a sequence of events initiated by Sapp after school hours. By his own admission, Sapp recognized Kessler as the student who accosted him in the lunchroom and that he intended to fight Kessler when he approached him in the parking lot. Moreover, the fact that Helmly's investigation did not reveal Kessler's identity within the three hours between the lunch period and the end of the school day does not reflect upon the quality of the training program for school administrators or of her investigation. The fact that no written guideline was issued to Helmly instructing her to notify the police or Sapp's parents upon learning that he had received a minor wound from an unknown student is insufficient to prove a claim of negligent training against the Board of Education. As testified by the school principal, who had 17 years experience as an administrator, it is impossible to provide a specific curriculum for all eventualities, and Sapp has failed to show that with any different training Helmly would have discovered Kessler's identity or prevented the later confrontation, particularly without Sapp's cooperation.

" 'Before any negligence, even if proven, can be actionable, that negligence must be the proximate cause of the injuries sued upon. [Cit.]' [Cit.]" *Bulloch County Hosp. Auth. v. Parker*, 196 Ga. App. 438, 439 (396 SE2d 37). "Assumption of the risk is a complete defense and arises when, even if defendant is negligent, plaintiff himself is negligent in such a way that his own negligence is the sole proximate cause. [Cits.]" *Menendez v. Jewett*, 196 Ga. App. 565, 566 (1) (396 SE2d 294). " 'Although issues of negligence, lack of care in avoiding the negligence of others, lack of care for one's own safety, and assumption of the risk are ordinarily not susceptible to summary adjudication . . . [,] where the evidence shows clearly and palpably that the jury could reasonably draw but one conclusion the issue of assumption of risk may be determined on summary judgment.' (Punctuation and citations omitted.) [Cit.]" *Taylor v. Bloodworth*, 198 Ga. App. 186, 187 (400 SE2d 691). "The evidence would not authorize a finding that appellee[s] breached a duty owed to appellant to protect [him] from the attack in the school [parking lot.]" *Cooper v. Baldwin County School Dist.*, 193 Ga. App. 13 (1), 14-15 (386 SE2d 896). It

follows that the trial court correctly granted summary judgment in favor of Helmly and the Effingham County Board of Education.

2. Appellees have filed a supplemental brief in which they point out that subsequent to the filing of their motion for summary judgment on February 16, 1990, a proposed amendment to the Georgia Constitution was approved by referendum vote which would entitle Effingham County Board of Education to the defense of sovereign immunity, as the purchase of liability insurance would no longer act as a waiver. However, because we have already letermined that appellant has shown no acts of negligence on the part of appellees that were the proximate cause of the injury for which he sought to recover, it is unnecessary for us to consider this argument.

*Judgment affirmed. Sognier, C. J., and Andrews, J., concur.*

DECIDED JULY 16, 1991 —
RECONSIDERATION DENIED JULY 29, 1991 — 

*Marshall R. Wood*, for appellant.
*Harben & Hartley, Phillip L. Hartley, Brennan, Harris & Rominger, Richard J. Harris*, for appellees.