A94A1464. DRIVER v. LEICHT et al.
(452 SE2d 165)

POPE, Chief Judge.

Plaintiff Henry Driver was injured in a fight with defendant Christopher Lee while they were both attending a party hosted by defendants Tim and Sheila Leicht. The trial court granted summary judgment for the Leichts, and plaintiff appeals.

After Lee bumped into plaintiff while plaintiff was playing pool, causing him to miss a shot, Lee and plaintiff had several hostile ver-

bal exchanges. Tim Leicht and others advised plaintiff to go outside and "simmer down." Plaintiff did so, but he later returned and initiated the encounter which resulted in his injury.

Relying on *Moon v. Homeowners' Assn. of Sibley Forest*, 202 Ga. App. 821 (2) (415 SE2d 654) (1992), plaintiff argues that the Leichts are liable for his injury. Under *Moon*, a social host may be liable to an innocent guest who is injured if the host is aware of a dangerous activity going on at his party and fails to stop it. However, it is undisputed that plaintiff in this case was not an innocent guest. Rather, he was an active participant in a brawl which left him injured. Plaintiff willingly drank to excess and became involved in an altercation, and then, after being convinced to leave, voluntarily returned to initiate the encounter which resulted in his injury.

Even if a social host is negligent, he is not liable to an injured guest if that guest is an initiator of or active participant in the sequence of events resulting in his injury. See *Sapp v. Effingham County Bd. of Ed.*, 200 Ga. App. 695 (1) (409 SE2d 89) (1991). Under such circumstances, the injured guest's negligence rather than that of the host is the proximate cause of the injury. " 'Assumption of the risk is a complete defense and arises when, even if the defendant is negligent, plaintiff himself is negligent in such a way that his own negligence is the sole proximate cause. (Cits.)' [Cit.]" Id. at 696. Accordingly, the trial court's grant of summary judgment for the Leichts was proper.

*Judgment affirmed. Birdsong, P. J., Beasley, P. J., Andrews, Johnson, Blackburn, Smith and Ruffin, JJ., concur. McMurray, P. J., dissents.*

McMURRAY, Presiding Judge, dissenting.

I respectfully dissent, as it is my view that genuine issues of material fact remain as to the Leichts' liability for failing to protect Driver against the aggressions of a person they knew or should have known was likely to commit a violent act against Driver upon their premises.

"The duty of a proprietor to protect a customer or guest against the aggressions of third parties on the premises is that of the exercise of ordinary care in keeping the premises safe. No such duty arises until the owner has knowledge or by the exercise of such care could have discovered the hazard to the [guest's] safety and thereafter fails to use reasonable care to eliminate it." *Veterans Organization of Ft. Oglethorpe v. Potter*, 111 Ga. App. 201, 206 (141 SE2d 230).[1]

---

[1] This long-standing rule was most recently relied on by a majority of this court in *Moon v. Homeowners' Assn. of Sibley Forest*, 202 Ga. App. 821, 822 (2), 823 (415 SE2d 654). Further, "[i]n *Adamson v. Hand*, 93 Ga. App. 5 (90 SE2d 669) a quarrel broke out between two

In the case sub judice, Tim Leicht testified that he was aware of two volatile encounters between Lee and Driver before midnight on the night of the party. He also admitted hearing both men exchange harsh and threatening words. Tim Leicht further testified that he was aware of a violent attack by Driver against Lee a short time before the stabbing incident; that Driver's combative nature was (in his observation) fueled by alcohol consumption and that violent outbursts by Driver were always preceded by exchanges of threatening words. Moreover, there is evidence that Lee openly threatened to physically injure Driver before the night was over; that Lee carried out this threat by initiating a brawl which resulted in mutilation of Driver's face and that Tim Leicht did little, if anything, to head-off the inevitable violent encounter. Under these circumstances, I do not agree with the majority that the Leichts stood blameless for the stabbing incident that erupted at their party where guests were given free access to beer on tap. See *Moon v. Homeowners' Assn. of Sibley Forest*, 202 Ga. App. 821, 822 (2), 823 (415 SE2d 654). Further, I do not agree with the majority's new rule that liability stemming from any such negligence is cut-off by the intervening criminal acts of either Lee or Driver. "Even criminal acts, which normally are considered intervening causes, give rise to liability to those to whom such acts are foreseeable. *Bradley Center v. Wessner*, [250 Ga. 199, 202-203 (296 SE2d 693)]." *Sutter v. Hutchings*, 254 Ga. 194, 198, fn. 6 (327 SE2d 716). It is my view, that this case should be resolved by a jury, not by the trial court upon summary adjudication.

DECIDED DECEMBER 1, 1994 —
RECONSIDERATION DENIED DECEMBER 19, 1994 — 

*McFarland & Associates, Robert P. McFarland,* for appellant.
*Chambers, Mabry, McClelland & Brooks, Lawrence J. Hogan, C. Gregory Ragsdale,* for appellees.

---

customers of the defendant which was allowed to proceed unchecked for five or ten minutes and the plaintiff, another customer, was eventually shot by a stray bullet. Negligence was alleged in that no effort was made either to personally intervene or to call the police. *Hall v. Davis*, 75 Ga. App. 819 (44 SE2d 685) was also decided on demurrer, and again negligence was alleged on the part of the proprietor in admitting a drunk and quarrelsome customer, in allowing him to remain with knowledge of his condition, and in doing nothing after he had caused preliminary commotion and argument. "The same situation obtains in *Moone v. Smith*, 6 Ga. App. 649 (65 SE 712) where there had been a continuous brawl for 10 or 15 minutes without any intervention on the part of the defendant." *Veterans Organization of Ft. Oglethorpe, Ga. v. Potter*, 111 Ga. App. 201, 203 (2), 206, supra.