A94A2253. HOWELL v. THREE RIVERS SECURITY, INC. et al.
(456 SE2d 278)

SMITH, Judge.

Paul Brent Howell appeals from the trial court's grant of summary judgment to defendants, Three Rivers Security, Inc. and Disco Mania 2000, Inc., in this premises liability case.

The facts construed in a light most favorable to Howell are as follows: Disco Mania owns a bar in Rome, Georgia, named Shenanigan's. Three Rivers provides uniformed security for the bar. Howell allegedly was injured in the bar when he got into a fight with Billy Bennett, Franklin Morriss, and an unnamed third person. According to Three Rivers' president, there was a procedure in place at Shenanigan's whereby patrons would be banned from the bar for various periods of time for causing trouble. There is evidence in the record that prior to the fight Bennett and Morriss had been told they were permanently banned from Shenanigan's for fighting. However, on the date of the incident in question, this ban was not enforced. The record also shows that a few weeks before the fight Howell had been threatened personally by Bennett because of an incident that occurred between Howell and Bennett's girl friend. Howell also had heard from other sources that Bennett wanted to beat him up.

On the night of the fight, Howell paid a cover charge and was admitted to Shenanigan's along with his date and some friends. Shortly after arriving, Howell found out that Bennett and Morriss were also at the bar. After seeing Bennett, Howell told some friends to "watch his back" for him. Howell told his date that he wanted to leave, but instead of immediately leaving he decided to dance one more slow dance. Howell testified that during this last dance he tried to dance close (ten to fifteen feet) to a security guard allegedly for protection. It is undisputed that Howell never told any security guard or any employee of the bar that someone inside the bar might be after him or that he might be in danger.

While dancing, Howell saw Bennett and the others coming toward him. Expecting Bennett to hit him, Howell put Bennett in a head-lock. While struggling with Bennett, Howell injured his knee.

After falling to the floor, Howell was allegedly kicked in the head by Morriss. The altercation lasted from ten to thirty seconds. Howell claims that after the incident one of Disco Mania's officers, Mrs. Greene, told Howell that she knew what Bennett and Morriss were there for and that she should not have let them enter the bar. According to Howell, Mrs. Greene also told him that Bennett and Morriss had both been banned from the bar for life.

In his complaint, Howell claimed that Three Rivers knew or should have known of Bennett's and Morriss' propensity for violence and thus was wantonly and wilfully negligent in failing to properly secure the premises to more or less protect Howell from these individuals. Howell claimed that Disco Mania also knew or should have known that these individuals had a propensity for violence and that Disco Mania was negligent in failing to provide adequate security for Howell while an invitee at Shenanigan's. Howell did not bring suit against Bennett or Morriss.

Three Rivers and Disco Mania both filed motions for summary judgment. In opposition to these motions, Howell filed the affidavit of Larry Talley, a security expert. Talley testified that in his opinion Disco Mania and Three Rivers had both breached their respective duties of care by allowing Bennett and Morriss to come back onto the premises after originally banning them. He also stated that those breaches were the "proximate cause" of Howell's damages. The trial court granted summary judgment to Disco Mania and Three Rivers. We affirm.

As a paying customer of Shenanigan's, it is undisputed that Howell was an invitee in this case. See *Lee v. Myers*, 189 Ga. App. 87, 88 (1) (374 SE2d 797) (1988). A proprietor's duty to invitees is to "exercise ordinary care in keeping the premises and approaches safe." OCGA § 51-3-1. The proprietor "is not an insurer of an invitee's safety. The true ground of liability . . . is the superior knowledge of the proprietor of the existence of a condition that may subject the invitee to an unreasonable risk of harm." (Citation and punctuation omitted.) *Pound v. Augusta Nat.*, 158 Ga. App. 166, 167-168 (279 SE2d 342) (1981).

In this case, Morriss testified by affidavit that on a prior occasion he and Bennett had both been barred from Shenanigan's for fighting. During his deposition, Morriss also testified that on one occasion he was told he was barred from the bar for life. This testimony and the purported statements of Mrs. Greene constitute record evidence that Disco Mania and Three Rivers had actual knowledge that Bennett and Morriss had a propensity for violence and that they arguably posed a potential danger to all Shenanigan's patrons, including Howell. It is also undisputed that on the night in question Bennett and Morriss were both allowed to enter the bar. Talley's affidavit

states that this constitutes negligence on Disco Mania and Three Rivers' part.

We readily agree that Disco Mania's and Three Rivers' actions in allowing Bennett and Morriss on the premises, in light of the knowledge they allegedly possessed, constitutes a breach of the duty they owed to Howell. However, breach of duty alone does not make a defendant liable in negligence. The rule remains that the "true ground of liability . . . is the *superior* knowledge of the proprietor of the existence of a condition that may subject the invitee to an unreasonable risk of harm." (Emphasis supplied.) *Pound*, supra.

Howell cannot seriously contend that appellees had superior knowledge of Howell's peril under the circumstances. Howell manifested his knowledge of the risk to him of remaining by deliberately dancing in close proximity to a security guard. Howell knew, or certainly should have known, that this strategy would not totally neutralize the known risk to him of remaining on the premises. To ignore this consequence would be tantamount to making appellees " 'the insurer of [Howell's] safety.' " *Pound*, supra.

Since any breach of duty by the appellees was not the "proximate cause" of Howell's injuries, the trial court properly granted appellees' motion for summary judgment.

*Judgment affirmed. Beasley, C. J., Birdsong, P. J., Andrews, Johnson, Blackburn and Ruffin, JJ., concur. McMurray, P. J., and Pope, P. J., dissent.*

POPE, Presiding Judge, dissenting.

I respectfully dissent to the majority opinion. It is undisputed in this case, that as a paying customer of Shenanigan's, Howell was an invitee. See *Lee v. Myers*, 189 Ga. App. 87, 88 (1) (374 SE2d 797) (1988). Moreover, it is undisputed that Disco Mania and Three Rivers had undertaken to provide security to the patrons of the bar. "[A] proprietor [has a duty] to protect an invitee from injury caused by the misconduct of employees, customers and third persons if there is any reasonable apprehension of danger from the conduct of said persons or if injury could be prevented by the proprietor through the exercise of ordinary care and diligence. Ordinarily, even where the proprietor's negligence is shown, he would be insulated from liability by the intervention of an illegal act which is the proximate cause of the injury. However, the above rule has been held inapplicable if the defendant (original wrongdoer) had reasonable grounds for apprehending that such criminal act would be committed." (Citation and punctuation omitted.) *Bishop v. Mangal Bhai Enterprises*, 194 Ga. App. 874, 876 (3) (392 SE2d 535) (1990). Additionally, once a proprietor undertakes the duty of providing security for invitees it must do so in a non-negligent manner. Id. at 877.

As the majority readily admits, Disco Mania's and Three Rivers' actions in this case, in light of the knowledge they allegedly possessed, clearly would constitute a breach of the duty they owed to Howell. Although the majority concludes that Howell had superior knowledge of the potential danger to him by remaining in the bar after seeing Bennett and Morriss, I cannot agree. Clearly an issue of material fact exists in this case as to whether Howell's knowledge of any potential danger to him was equal or superior to that of the defendants. This is especially true in light of the purported testimony of Mrs. Greene, to the effect that on the night in question, she knew what Bennett and Morriss were there for, and yet still let them into the bar knowing they had previously been banned for life. Consequently, I would reverse the trial court's grant of summary judgment to Disco Mania and Three Rivers because there are issues in this case that should be determined by a jury.

I am authorized to state that Presiding Judge McMurray joins in this dissent.

DECIDED MARCH 17, 1995 —
RECONSIDERATION DENIED MARCH 28, 1995 — ▮▮▮▮▮▮▮▮▮

*L. Cleveland Burton, Keith J. Williams,* for appellant.
*Drew, Eckl & Farnham, B. Holland Pritchard, Bruce A. Taylor, Jr.,* for appellees.

