A95A0114. SAILORS et al. v. ESMAIL INTERNATIONAL, INC.
(459 SE2d 465)

BLACKBURN, Judge.

Plaintiffs, Richard and Angela Sailors, appeal from the judgment rendered by the jury in favor of appellee/defendant Esmail International, Inc., d/b/a Executive Inn, d/b/a Executive Inn-Six Flags, d/b/a Budget Inn-Six Flags, d/b/a Red Carpet Inn, and d/b/a T-Bird's Lounge (Esmail). The Sailorses brought the underlying action to recover damages resulting from injuries Richard Sailors received in an altercation in the parking lot outside T-Bird's Lounge.

The facts construed in the light most favorable to the jury verdict indicate that on the night of the incident, Sailors and two of his friends visited four bars over the course of several hours. At approximately midnight, they left the Buckhead area in Atlanta and drove to T-Bird's Lounge on Fulton Industrial Boulevard. After consuming more beer, Sailors and his friends left the lounge between 2:30 and 3:00 a.m. One of Sailors' friends, Scotty Roberts, urinated in the parking lot which attracted the attention of four passengers in a passing car. The car was driven into the parking lot, and two men got out and began cursing Roberts. Roberts responded with obscenities resulting in a confrontation with the two men. Twice, an independent witness stepped in and persuaded both sides to go their separate ways. However, Roberts made additional obscene comments, after which one of the men opened the car trunk and obtained a pool cue. Sailors, who had been sitting in his truck until this point, joined the group and attempted to defuse the situation but said something derogatory about one of the other men's girl friends. The man holding the pool cue took a swing at Sailors, who wrestled the pool cue away, and chased the men back to their car. Sailors then broke the driver's side window of the car with the pool cue. While Sailors fought with one of the girls who exited the car and attempted to take the pool cue from him, one of the men stabbed Sailors with a knife. At the hospital, Sailors' blood alcohol level was .21, and he was described as combative and hard to restrain by the hospital physician. Expert testimony established that Sailors' blood alcohol level was .24.

1. On appeal, the Sailorses contend the trial court erred in ex-

cluding evidence of police incident reports which the court ruled were not substantially similar to the present incident.

"A proprietor's duty to invitees is to exercise ordinary care in keeping the premises and approaches safe. The proprietor is not the insurer of the invitee's safety, but is bound to exercise ordinary care to protect the invitee from unreasonable risks of which he or she has superior knowledge. If the proprietor has reason to anticipate a criminal act, he or she then has a duty to exercise ordinary care to guard against injury from dangerous characters." (Citations and punctuation omitted.) *Lau's Corp. v. Haskins*, 261 Ga. 491, 492 (405 SE2d 474) (1991). See also *Days Inns of America v. Matt*, 265 Ga. 235 (454 SE2d 507) (1995). "In order to prove that the owner had advance notice of the danger of such an assault, evidence is admissible to show a pattern of prior substantially similar criminal assaults on the premises creating a known dangerous condition for which the proprietor may be held liable." (Punctuation omitted.) *Hunter v. Rouse-Atlanta, Inc.*, 211 Ga. App. 131 (1) (438 SE2d 188) (1993). Accord *Savannah College of Art &c. v. Roe*, 261 Ga. 764 (409 SE2d 848) (1991) (Proprietor's superior knowledge can be demonstrated by evidence of the occurrence of prior substantially similar incidents).

In the present case, Sailors was stabbed with a knife after joining an ongoing altercation in the parking lot. The trial court determined that all crimes involving fights or personal injury in the parking lot were substantially similar to the present case and were allowed into evidence. The trial court excluded incidents which occurred in the lounge or the hotel. The trial court did not abuse its discretion in excluding such evidence. See *Sparks v. Pine Forest Enterprises*, 174 Ga. App. 598, 599 (331 SE2d 34) (1985).

The Sailorses assert that because a security guard had been hired, the evidence of "all police incidents" was admissible to show the inadequacy of the security provided. However, "all police incidents" at the inn and lounge were not substantially similar to the mutual combat situation in which the present plaintiff was injured. Furthermore, such a position would place a higher burden on the proprietor who provides some security measures over the proprietor who provides no security. The burden on the proprietor regarding the extent of the security provided is no different than his burden to provide any security as set out in *Lau's Corp.*, supra.

"The rule remains that the true ground of liability is the *superior* knowledge of the proprietor of the existence of a condition that may subject the invitee to an unreasonable risk of harm." (Citation and punctuation omitted.) *Howell v. Three Rivers Security*, 216 Ga. App. 890, 892 (456 SE2d 278) (1995). In *Howell*, this Court found that any breach of the premises owner's duty toward the plaintiff was not the proximate cause of the plaintiff's injuries due to the plaintiff's supe-

rior knowledge of the risks associated with his conduct. Id. The analysis contained in *Howell*, supra, is even more persuasive in the present circumstances, because of Sailors' voluntary participation. In a case of mutual combat, the superior knowledge must always remain with the combatants, as they, by their voluntary participation, have selected the time, date, and place for the altercation. Any injuries to the combatants resulted from their own conduct and under such circumstances, the existence of prior criminal acts on the premises is irrelevant and cannot form a basis for liability on the premises owner.

The dissent fails to distinguish a mutual combat situation from a case involving an innocent bystander in the use of previous criminal activity evidence involving violence on the premises. Mutual combat exists where there is a fight with dangerous or deadly weapons and when both parties are at fault and are willing to fight because of a sudden quarrel. *Langford v. State*, 212 Ga. 364 (93 SE2d 1) (1956). See OCGA § 16-3-21. In the present case, Sailors voluntarily joined an ongoing altercation and engaged in mutual combat. The proprietor had no duty to protect the plaintiff from himself. In fact, it is the plaintiff who had a duty of ordinary care for his own safety.

As this court has held, in "mutual combat" situations, plaintiff assumed the risk of injury since he "was an active participant in a brawl that left him injured." *Driver v. Leicht*, 215 Ga. App. 694 (452 SE2d 165) (1994). In *Driver*, under comparable circumstances, we held that even if the hosts were negligent and could be liable to an innocent bystander, they would not be liable to an injured guest who was an initiator or active participant in the brawl resulting in the injury. Id. This same principle applies here, to proprietors and their patrons.

2. In their second enumeration of error, the plaintiffs contend that the trial court erred in allowing the investigating police officer to testify as to conversations he had with witnesses at the scene. The plaintiffs assert that such testimony was hearsay.

After plaintiffs' counsel's hearsay objection, the investigating officer informed the court that although he interviewed the crowd, he found that Randy Askea, Cindy Cooper, Sherree Newell, and Regina Jackson were the most reliable, as they had witnessed the entire incident. Plaintiffs' counsel renewed his hearsay objection as to anything said by Regina Jackson and Cindy Cooper, as they had not testified and were not under subpoena. The judge instructed the officer to convey what the officer had learned other than his conversation with Cooper and Jackson. Thereafter, plaintiffs' counsel failed to object, on hearsay grounds, to the officer's testimony. Plaintiffs failed to object to any specific testimony of the officer as hearsay, therefore, we have nothing to review.

3. The plaintiffs contend the trial court erred in refusing to

charge the jury regarding the adequacy of security and the proprietor's duty to perform in a non-negligent manner. Viewing the trial court's charge as a whole, we find that it accurately set forth the law of the case. The trial court charged on duty of an owner or occupier of land toward an invitee. The trial court charged that a proprietor must exercise ordinary care to protect his customers from criminal acts of which he had reasonable grounds for apprehending.

"It is axiomatic that a jury charge need not be given in the exact language requested if the charge as given clearly covers the circumstances of the case. All that is necessary, provided the requested charge accurately states the relevant principles of law, is that these principles be fairly given to the jury in the general charge. When it can be determined that the charge actually given conveys correctly the intent of the law and is so framed as to be applied with understanding to the fact situation, denial of a request for a specific charge is not reversible error." (Punctuation omitted.) *City of Dalton v. Smith*, 210 Ga. App. 858, 859 (3) (437 SE2d 827) (1993). In the present case, the trial court did not err in refusing to give the requested charge as the charge given accurately conveyed the law.

4. The plaintiffs contend that the trial court's following jury instruction was contrary to the law. The trial court charged: "I charge you that if you find that the defendant was negligent and you further find that an independent criminal act of a third person was intervened between the defendant's negligence and the plaintiff's injury which defendant did not have reasonable grounds for contemplating that such criminal act would be committed, and then the law regards that independent criminal act as the proximate cause of the plaintiff's injury and recovery cannot be had from the defendant."

The law is clear that "[o]rdinarily, even where the proprietor's negligence is shown, he would be insulated from liability by the intervention of an illegal act which is the proximate cause of the injury. However, the above rule has been held inapplicable if the defendant (original wrongdoer) had reasonable grounds for apprehending that such criminal act would be committed." (Citations and punctuation omitted.) *McClendon v. C & S Nat. Bank*, 155 Ga. App. 755, 756 (272 SE2d 592) (1980). Although stated differently, the trial court's charge accurately set forth the law. Therefore, the trial court did not err in giving the defendant's requested charge.

*Judgment affirmed. Beasley, C. J., Birdsong, P. J., Pope, P. J., Andrews, Johnson, Smith and Ruffin, JJ., concur. McMurray, P. J., dissents.*

McMurray, Presiding Judge, dissenting.

I am compelled to dissent as the majority focuses upon proximate cause (an issue which was properly before the jury at trial) rather

than articulating an answer to the only question raised by the Sailorses in their first enumeration of error, i.e., whether the trial court erred in excluding evidence relevant to the adequacy of security provided by Esmail at its 153-room hotel. To this extent, I believe the trial court erroneously excluded a laundry list of prior criminal acts at Esmail's place of business, including an armed robbery of a hotel desk clerk, fights in the hotel lobby and lounge, public drunkenness by a person in the hotel parking lot, disorderly conduct and public drunkenness by a person at the hotel's front desk, and the murder of a hotel desk clerk, the proprietor's own son.

The proper standard for evaluating whether a prior criminal act is "substantially similar" was recently resolved by a majority of this Court in *Matt v. Days Inns of America*, 212 Ga. App. 792 (443 SE2d 290), affirmed at 265 Ga. 235 (454 SE2d 507), where Presiding Judge Birdsong restated that " '[a]ll that is required is that the prior (incident) be sufficient to attract the (hotel's) attention to the dangerous condition which resulted in the litigated (incident).' *Pembrook Mgmt. v. Cossaboon*, 157 Ga. App. 675, 677 (278 SE2d 100)." Id. at 794, supra (Pope, C. J., McMurray, P. J., Beasley, P. J., Cooper and Smith, JJ., concurring; with Andrews, Johnson and Blackburn, JJ., dissenting). Accordingly, the trial court in the case sub judice was correct in determining the controlling issue to be whether the prior criminal incidents proffered by plaintiffs were substantially similar to the assault during which Rick Sailors was injured. However, it is my view that the trial court erred in determining that most of the prior violent criminal acts offered into evidence by plaintiffs were not "substantially similar" to the incident involving Rick Sailors because these prior incidents were not committed in the precise manner or location as the assault upon Rick Sailors. "In this sense, substantially similar does not mean identical, and it is not a question whether a weapon was used, but whether the prior crimes should have put an ordinarily prudent person on notice that the hotel's guests were facing increased risks. 'All that is required is that the prior [incidents] be sufficient to attract [Esmail's] attention to the dangerous condition which resulted in the litigated (incident).' *Pembrook Mgmt. v. Cossaboon*, 157 Ga. App. 675, 677[, supra]." *Matt v. Days Inns of America*, 212 Ga. App. 792, 794, supra. In other words, the test is whether the prior criminal activity was "sufficiently substantially similar" to demonstrate Esmail's knowledge that conditions on its property subjected invitees to unreasonable risk of criminal attack so that Esmail had reasonable grounds to apprehend that the present criminal act was foreseeable. Id. at 795.

In the case sub judice, the trial court excluded evidence of about 75 separate criminal incidents at Esmail's hotel during a 44-month period preceding the assault upon Rick Sailors, over 18 of which in-

volved violence or the threat of violence. It is my view, that this volume of prior criminal activity (involving both violent and non-violent acts) was not only relevant to show that Esmail knew or should have known that its patrons were at risk of violent criminal assault, but was also relevant to show the inadequacy of security (one guard stationed in T-Bird's lounge) provided at Esmail's place of business. Compare *Ritz Carlton Hotel Co. v. Revel*, 216 Ga App. 300, 302 (1), 303 (2) (454 SE2d 183), involving unrelated prior criminal incidents which were never pulled together to show a pattern of violent criminal activity on the defendant's business premises.

DECIDED JULY 13, 1995 —

*McKenney & Froelich, William J. McKenney*, for appellants.
*Gorby & Reeves, Michael J. Gorby, Martha D. Turner*, for appellee.