## LOWRY *v.* ATLANTA JOINT TERMINALS.

The plaintiff was employed by the defendant as a detective or inspector to watch in its railroad yards.   While walking between the tracks on which cars were standing, in order to inspect them and to see that nothing was wrong, he discovered two men trying to open a car.   He approached and inquired what they were doing; and one of them struck him on the head with a heavy instrument, seriously injuring him.   He alleged that the defendant was negligent: in not informing him of the dangerous position he would occupy in doing such detective work; in removing from him an assistant who, according to previous understanding, was to work in the yard with him, so that each of them would be a protection to the other; and in not providing proper lights, that he might see when he was approaching danger, and so save him-

self from attack and injury. *Held,* no error in dismissing the action on general demurrer.

SEPTEMBER 12, 1916.

Action for damages. Before Judge Ellis. Fulton superior court. January 19, 1915.

*J. S. James* and *J. R. Bedgood,* for plaintiff.

*McDaniel & Black,* for defendant.

FISH, C. J. The substance of the petition is this: The plaintiff was employed by the defendant as a "railroad detective or inspector," in the Georgia Railroad roundhouse, and to watch the yards between the roundhouse and the office. The understanding between him and defendant at the time he went into "this detective business" was that he should have an assistant with him when in the performance of his duties he went into the yards at night. For a while after he first began work an employee of defendant accompanied him at night, but defendant soon removed him to some other place without the knowledge or consent of plaintiff and in violation of the understanding. There were no lights between the tracks upon which the cars stood or about the cars, except a few switch-lights. Defendant, however, upon complaint by plaintiff, had stated that arrangements would be made for lights to be put up so that plaintiff could see and protect himself from thieves and burglars; but no such lights were furnished, and plaintiff was obliged to guard and inspect the cars at night in the dark and alone. Defendant knew this was dangerous work for plaintiff under the circumstances, but failed to explain the danger to him. On December 15, 1913, plaintiff commenced his usual work at six o'clock p. m. about half-way between the roundhouse and the office; and while walking between the tracks on which cars were standing, in order to inspect them and to see that nothing was wrong, he discovered two men trying to open a car, and when he approached them and inquired "what they were doing breaking open the car," one of them struck him on the head and side of the face with something heavy, seriously injuring him, as the petition sets forth; and his diminished capacity by reason of his injuries is alleged. Defendant is charged with being negligent in the following particulars: (*a*) "In not informing [plaintiff] of the dangerous position he would be in, in doing the work above mentioned." (*b*) "In removing from [plaintiff] the assist-

ant that was to work in the same yards with him, so as to be some protection to each other." (*c*) "In not providing proper lights so as to see when he was approaching danger, and so to save himself from attack, damage, and injury." A general demurrer to the petition was sustained, and the case dismissed. The plaintiff excepted.

The judgment is affirmed. No warning was necessary to apprise the plaintiff of the dangerous character of the work in which he was engaged. The inherent nature of his work was sufficient warning to him of the danger to those engaged therein. Knowing the danger, he assumed the usual and ordinary risks incident to it. It should be naturally expected that a thief, breaking into a car to steal, usually and ordinarily will resort to violence to prevent detection and detention, or arrest.

If the plaintiff, knowing the dangerous character of his vocation, and in consequence thereof and in order that he might be protected from dangers likely to arise, as may be legitimately inferred from his petition, had an understanding or agreement with the defendant that an assistant should accompany him in his work at night, and if such assistant was furnished and, after serving for a while, was withdrawn by the defendant without the plaintiff's knowledge or consent, and he afterwards, knowing of course that he had no assistant, continued the work alone, he thereby assumed the additional risk or risks of so doing.

Again, if the defendant agreed with the plaintiff that lights were to be placed in the yard, and this was not done, and the plaintiff continued in the work, knowing as a matter of course that the lights had not been put up, he likewise, in addition to the usual and ordinary risks of his employment, assumed such risks as would ordinarily follow from the additional danger of the want of lights. *Hendrix* v. *Vale Royal Mfg. Co.,* 134 *Ga.* 712 (68 S. E. 483), and cases cited.

*Judgment affirmed. By five Justices, all concurring.*