### 41723.   LAFKOWITZ v. MARTIN THEATRES OF COLUMBUS, INC.

ARGUED JANUARY 11, 1966—DECIDED JANUARY 14, 1966—
REHEARING DENIED FEBRUARY 2, 1966—

*Saul Blau,* for appellant.

*Long, Weinberg & Ansley, Ben Weinberg, Gregg Loomis,* for appellee.

EBERHARDT, Judge.   The owner of a motion picture theatre owes ordinary care to one who purchases a ticket and enters for the purpose of witnessing a show.   *United Theatre Enterprises v. Carpenter,* 68 Ga. App. 438 (23 SE2d 189).   We have found no instance when the factual situation here presented has been passed upon by the appellate courts of this State.   It has been held to be a jury question as to whether permitting a platform weighing scale in the lobby, over which a patron tripped and fell, was negligence (*Atlanta Enterprises v. Douglass,* 93 Ga. App. 237 (91 SE2d 296)), though the presence of a popcorn box in the aisle is not.   *Rogers v. Atlanta Enterprises,* 89 Ga. App. 903 (81 SE2d 721).

Appellee urges since this was not a static situation, but one in which changes might occur momentarily in the moving or shifting of his feet and legs by the man sitting on the steps, those cases have no application.   That may well be a valid position as to tripping over feet or legs of other patrons who are seated in places provided for them.   See Paramount Richards Theatres v. Johnson, 199 Miss. 645 (25 S2d 129).   It was pointed out by the Supreme Court of Arizona in Lyric Amusement Co. v. Jeffries, 58 Ariz. 381 (120 P2d 417) that where a patron in his seat deliberately extends his foot an abnormal length for the purpose of tripping another who, in leaving her seat for the aisle, must pass the patron, no actionable negligence appears against the owner of the theatre.   However, it is alleged here that the offending patron was not in a seat provided for him, but on the steps which constituted the only means of getting down from the balcony.   There is a duty on the part of the owner to keep the aisles, steps and passageways reasonably free for passage by patrons, and if one sits upon the steps to the balcony instead of proceeding to a seat, he should not be permitted to remain.

Constructive knowledge of the situation is all that is charged against the defendant, but it is alleged in that connection that the man had taken the position on the balcony steps and remained there for nearly two hours before appellant proceeded

to leave and that there were ushers whose duty it was to keep the aisles and steps free for passage. This sufficiently meets the test of *Setzers Super Stores of Ga. v. Higgins,* 104 Ga. App. 116 (1) (121 SE2d 305).

Under the facts pleaded the owner should have anticipated that the man sitting on the steps might trip patrons seeking to leave the balcony—whether purposely or accidentally. It cannot be said as a matter of law that the owner was free of negligence in permitting him to remain in that position. That is a jury question.

*Judgment reversed. Bell, P. J., and Jordan, J., concur.*