A98A2289. RAPPENECKER v. L.S.E., INC. et al.
(510 SE2d 871)

Judge Harold R. Banke.

Christopher Rappenecker sued L.S.E., Inc., d/b/a Whiskey River ("LSE") for personal injuries sustained in a parking lot altercation occurring on LSE's premises. Rappenecker appeals the summary judgment awarded to LSE.

The underlying case arose after Rappenecker accompanied two friends to LSE's nightclub known as the Whiskey River from 9:30

p.m. to the 2:00 a.m. closing time. While at the Whiskey River, Rappenecker consumed five or six beers and three shots of tequila. When Rappenecker left LSE's premises with his companions, he occupied the front passenger seat. After leaving through the rear street exit, they circled back to the front entrance to look for a friend who had requested a ride. After they were unable to find the friend, they again drove to the rear exit where an unknown male blocked their departure by standing in front of their car. After someone inside the vehicle yelled at the man to move, he spat into Rappenecker's face through a car window but moved aside, no longer obstructing their path. As the driver started to proceed, Rappenecker told her to stop so that he could ask the man "why he spit on me." The driver told police that as Rappenecker got out of her car she heard him call the guy a "punk." A witness told police that after Rappenecker exited the car she overheard Rappenecker and the guy "mouthing off at each other." When Rappenecker turned his back and started to return to the car, the man suddenly struck Rappenecker in the back of the head with a beer bottle. Another man joined in the ensuing criminal assault. These two assailants eventually entered guilty pleas to aggravated battery.

In moving for summary judgment, LSE contended that Rappenecker assumed the risk of injury by getting out of the vehicle and unnecessarily confronting his assailants. LSE also argued that Rappenecker had superior knowledge of the risks created by his decisions and conduct. The trial court found that Rappenecker "voluntarily thrust himself into a dangerous situation despite the known risk involved." Rappenecker appeals the summary judgment granted to LSE. *Held*:

1. Rappenecker contends that the trial court erred in finding that he assumed the risk of injury from the criminal attack. He claims that he did not intend to fight and did not realize the danger prior to the beating.

Pretermitting consideration of the applicability of the affirmative defense of assumption of risk, we find that Rappenecker's failure to exercise reasonable care for his own safety entitled LSE to judgment. See *Vaughn v. Pleasent*, 266 Ga. 862, 864 (1) (471 SE2d 866) (1996); *Fagan v. Atnalta*, 189 Ga. App. 460, 461 (376 SE2d 204) (1988). Although the issue of a plaintiff's exercise of due diligence for his own safety is ordinarily a question for the jury, it may be summarily adjudicated where the plaintiff's knowledge of the risk is clear and palpable. *Wells v. C & S Trust Co.*, 199 Ga. App. 31, 32 (403 SE2d 826) (1991). Where a plaintiff has equal or superior knowledge of a dangerous condition existing on the defendant's property, there can be no recovery if the plaintiff fails to exercise reasonable care to avoid

the danger. *Brown v. Carlisle*, 214 Ga. App. 483, 484 (448 SE2d 256) (1994).

Here, Rappenecker deliberately opted to leave the safety of the vehicle in order to confront the person who had blocked their path and spit at him. When asked, "[d]id you do anything that was calculated to put you in a precarious situation," Rappenecker conceded that he probably had "[w]hen I got out of the car." In injecting himself into a volatile and potentially dangerous situation, it cannot be said that Rappenecker exercised reasonable care for his own safety. Id.

2. Rappenecker contends that the trial court erred in finding that he had equal knowledge of the danger because he did not know his attackers and had no knowledge of prior instances occurring on LSE's premises. We disagree.

If a proprietor has "reason to anticipate a criminal act," then the proprietor has "a duty to exercise ordinary care to guard against injury from dangerous characters." *Lau's Corp. v. Haskins*, 261 Ga. 491, 492 (1) (405 SE2d 474) (1991). The basis of liability is a proprietor's superior knowledge of the existence of a condition that may subject an invitee to an unreasonable risk of harm. *Howell v. Three Rivers Security*, 216 Ga. App. 890, 892 (456 SE2d 278) (1995).

Here, however, Rappenecker failed to establish that LSE should have reasonably foreseen or anticipated that he would suddenly decide to confront a potentially dangerous character. *Doe v. Prudential-Bache/A.G. Spanos &c. Co.*, 268 Ga. 604, 605 (492 SE2d 865) (1997); see *Carlock v. Kmart Corp.*, 227 Ga. App. 356, 357-358 (1) (489 SE2d 99) (1997). Without question, Rappenecker had knowledge superior to that of LSE of the possible risk of additional trouble with this perpetrator. It was Rappenecker, not LSE, who initiated the unfortunate sequence of events. *Sapp v. Effingham County Bd. of Ed.*, 200 Ga. App. 695, 696 (1) (409 SE2d 89) (1991). Rappenecker failed to offer any evidence that LSE knew about his actions or those of the person he decided to confront. Compare *Wilks v. Piggly Wiggly Southern*, 207 Ga. App. 842 (429 SE2d 322) (1993) (mugged store patron asserted negligent security claim based on store's knowledge of prior criminal attacks on its premises). Nor did Rappenecker show that LSE had knowledge of prior similar incidents even assuming arguendo that such incidents existed. See *Doe*, 268 Ga. at 605. Because Rappenecker did not point to specific evidence giving rise to a triable issue on the matter of LSE's purported failure to provide adequate security, the trial court properly granted summary judgment to LSE. *Walker v. MARTA*, 226 Ga. App. 793, 798 (1) (487 SE2d 498) (1997) (physical precedent only).

*Judgment affirmed. Johnson, C. J., and Smith, J., concur.*

DECIDED JANUARY 7, 1999 —
RECONSIDERATION DENIED JANUARY 26, 1999 — CERT. APPLIED FOR.

*Buzzell, Graham & Welsh, Stephen M. Welsh,* for appellant.
*Talbot & Ladson, Thomas W. Talbot,* for appellee.