### A03A0135. FERNANDEZ v. GEORGIA THEATRE COMPANY II et al.
#### (583 SE2d 926)

MILLER, Judge.

Julian Fernandez appeals from an order granting summary judgment to Georgia Theatre Company II ("GTC") on Fernandez's premises liability claim. Fernandez claims on appeal that material issues of fact existed that precluded summary judgment. We disagree and affirm.

Viewed in the light most favorable to Fernandez, the record reveals that Fernandez attended a movie with several of his family members. While seated in the theater when the movie trailers began, another patron entered who was cursing loudly. This loud patron and his companions sat directly behind Fernandez and his family, and the patron continued to curse and talk loudly for the next several minutes.

Fernandez's sister advised Fernandez that he and his family should move to different seats, but Fernandez refused and instead turned around to confront the loud patron. Despite fearing violence from the man, Fernandez asked the loud man if he was going to curse and talk loudly throughout the whole movie, to which the loud man responded by asking Fernandez threateningly what Fernandez would do if he did not stop talking. Fernandez rose from his seat, and the loud man asked him where he was going. Fernandez said that he was going to get the theater manager, and the loud man then body slammed Fernandez into a wall, knocked him to the floor, and stomped on his ankle, causing him injuries.

Fernandez sued GTC and the loud man, and following discovery, GTC moved for summary judgment. The trial court granted summary judgment to GTC, and Fernandez appeals.

On appeal from the grant of summary judgment, we conduct a de novo review of the evidence, viewed in the light most favorable to the nonmovant, to determine whether a genuine issue of material fact remains and whether the moving party is entitled to judgment as a matter of law. *Rubin v. Cello Corp.*, 235 Ga. App. 250-251 (510 SE2d 541) (1998).

As a paying customer at the theater, Fernandez was an invitee. See *Lafkowitz v. Martin Theatres of Columbus*, 113 Ga. App. 63, 64 (147 SE2d 459) (1966). As such, GTC had a duty to Fernandez to "exercise ordinary care in keeping [its] premises and approaches safe." OCGA § 51-3-1. However, GTC was not an insurer of Fernandez's safety, as "[t]he true ground of liability . . . is the superior knowledge of the proprietor of the existence of a condition that may subject the invitee to an unreasonable risk of harm." (Citation omitted.) *Pound v. Augusta Nat.*, 158 Ga. App. 166, 167-168 (279 SE2d

342) (1981); see *Robinson v. Kroger Co.*, 268 Ga. 735, 736 (1), 748-749 (2) (b) (493 SE2d 403) (1997).

Here there was no evidence of GTC's superior knowledge of the threat posed by the loud patron. There was no evidence that anyone on the theater staff observed the loud patron acting in a belligerent or violent manner prior to his confrontation with Fernandez. Furthermore, while it is true that a proprietor's superior knowledge can be shown by evidence of substantially similar prior incidents of violence on its premises (see *Hunter v. Rouse-Atlanta, Inc.*, 211 Ga. App. 131 (1) (438 SE2d 188) (1993)), Fernandez did not present any admissible evidence of prior similar incidents that would show GTC's superior knowledge. The police reports that allegedly showed the existence of prior similar incidents were, by themselves, inadmissible hearsay with no probative value (see, e.g., *Brown v. State*, 274 Ga. 31, 33-34 (1) (549 SE2d 107) (2001) (police reports are inadmissible hearsay); *Crisler v. Farber*, 258 Ga. App. 456, 458 (1) (574 SE2d 577) (2002) ("hearsay has no probative value")), and there was no testimony showing the existence of prior similar incidents. Since Fernandez failed to present evidence of GTC's superior knowledge of the threat posed by the violent patron, the trial court properly granted summary judgment to GTC. See, e.g., *Hunter v. Cabe Group*, 244 Ga. App. 162, 164 (535 SE2d 248) (2000).

Even if the police reports had been admitted, there was still no evidence that the lack of theater security at the time of the incident caused Fernandez's injuries. To the contrary, despite fearing for his safety and having the option to change his seat or contact the manager without confronting the loud patron, Fernandez chose to confront him, which led to the altercation. Fernandez's choice to engage in a dangerous situation when he appreciated the danger before engaging in it would also justify the grant of summary judgment to GTC. See *Howell v. Three Rivers Security*, 216 Ga. App. 890, 892 (456 SE2d 278) (1995).

*Judgment affirmed. Smith, C. J., and Ruffin, P. J., concur.*

DECIDED JUNE 25, 2003.

*Jody D. Peterman*, for appellant.
*Young, Thagard, Hoffman, Smith & Lawrence, John H. Smith, Jr., Noel H. Benedict*, for appellees.