757 S.E.2d 707

**SOUTH CAROLINA LIBERTARIAN PARTY, Petitioner,**

**v.**

**SOUTH CAROLINA STATE ELECTION COMMISSION, and Marci Andino, in her official capacity as the Executive Director of the South Carolina Election Commission, Respondents.**

Appellate Case No. 2014–000775.

No. 27384.

Supreme Court of South Carolina.

Heard April 24, 2014.
Decided April 24, 2014.

Lauren L. Martel, of Hilton Head Island, for Petitioner.

Attorney General Alan McCrory Wilson, Chief Deputy Attorney General John W. McIntosh, Deputy Attorney General Robert D. Cook, Assistant Deputy Attorney General Clyde H. Jones, Jr., and Assistant Attorney General Johanna Catalina Valenzuela, all of Columbia, for Respondents.

Michael R. Hitchcock, John P. Hazzard, V and Erin Burt Crawford, all of Columbia, for Amicus Curiae, Senator John E. Courson, in his official capacity as President Pro Tempore of the South Carolina Senate and Senator Larry A. Martin, in his official capacity as Chairman of the South Carolina Senate Judiciary Committee.

## ORIGINAL JURISDICTION

PER CURIAM.

Petitioner asks this Court to issue a declaratory judgment in our original jurisdiction to determine whether the Equal Access to the Ballot Act (the Act)[1] is in effect. If the Court determines the Act is effective, petitioner requests the South Carolina State Election Commission (the Commission) be ordered to conduct a Libertarian Party primary on June 10, 2014, and place a referendum question on the primary ballot for approval of the use of the convention method of nominating candidates by petitioner in 2016. We grant the petition for original jurisdiction and declare the Act is in effect. We deny petitioner's request to require the Commission to conduct a Libertarian Party primary and place a referendum question on the primary ballot.

## FACTS

On June 13, 2013, the Governor signed the Act. The Act amended S.C.Code Ann. § 7–11–30 to allow political parties to nominate candidates by convention if:

(1) there is a three-fourths vote of the total membership of the convention to use the convention nomination process; and

(2) a majority of voters in that party's next primary election approve the use of the convention nomination process.

Section 14 of the Act provides that the Act will take effect "upon preclearance by the United States Department of Justice or approval by a declaratory judgment issued by the United States District Court for the District of Columbia, whichever occurs first."

Petitioner is a certified political party in South Carolina that, in the past, has nominated its candidates by the convention method. In a letter to the Commission, dated January 11, 2014, petitioner requested that the Commission hold a Libertarian Party primary on June 10, 2014, and place a question on the primary ballot to approve the use of a

---

1. 2013 S.C. Act No. 61.

convention nomination process in 2016. The Commission refused petitioner's request.

## QUESTIONS PRESENTED

I.   Is the Act currently in effect?

II.   If the Act is in effect, is the Commission required to conduct a Libertarian Party primary and place a referendum on the primary ballot to approve the use of the convention method by petitioner in 2016?

## ANALYSIS

### I.   Effective Date of the Act

■ At the time the Act was approved by the General Assembly, the Voting Rights Act required certain jurisdictions to receive preclearance of any change in their election laws by the United States Department of Justice or by a declaratory judgment by the United States District Court for the District of Columbia to ensure the change was not discriminatory. South Carolina was one of the jurisdictions subject to that mandate. Because of this preclearance requirement, the General Assembly inserted Section 14 in the Act to require preclearance by the Federal Government for the Act to take effect.

This Court has recognized the authority of the General Assembly to place a contingency on the effective date of a statute. *State ex rel. Coleman v. Lewis,* 181 S.C. 10, 29, 186 S.E. 625, 633 (1936) ("Where an act is clothed with all the forms of law, and is complete in and of itself, it is fairly within the scope of the legislative power to prescribe that it shall become operative only on the happening of some specified contingency. Such a statute lies dormant until called into active force by the existence of the conditions on which it is intended to operate.")

In *Shelby County, Alabama v. Holder,* —— U.S. ——, 133 S.Ct. 2612, 186 L.Ed.2d 651 (2013), the United States Supreme Court held the provision setting forth the coverage formula of the Voting Rights Act was unconstitutional and could no longer be used as a basis for subjecting certain jurisdictions (designated as covered jurisdictions, such as South Carolina) to preclearance by the Federal Government. As a result of

the *Shelby County* opinion, the requirement that South Carolina obtain preclearance from the Federal Government was eliminated. Because the General Assembly's intent in making preclearance a contingency for the Act to become effective was to comply with the then-mandatory provisions of the Voting Rights Act, and the *Shelby County* decision obviated the need for that compliance, the contingency placed on the Act in section 14 has been met. *See Beaufort Cnty. v. S.C. State Election Comm'n*, 395 S.C. 366, 718 S.E.2d 432 (2011) (the primary rule of statutory construction is to ascertain and give effect to the intent of the General Assembly). Accordingly, the Act became effective on June 25, 2013, the date the United States Supreme Court issued its opinion in *Shelby County*.

## II. Primary and Referendum to Approve Use of the Convention Method

■ Petitioner has always nominated its candidates by the convention method. Believing the amendment to section 7–11–30 in the Act required it to determine its nominations by the primary method before returning to the convention method, petitioner requested the Commission hold a Libertarian Party primary on June 10, 2014. Petitioner also asked the Commission to place a referendum on the primary ballot to allow petitioner to nominate by convention in 2016. The Commission refused to comply with petitioner's requests. Petitioner now asks the Court to require the Commission to conduct a Libertarian Party primary and place a referendum on that ballot to approve the use of the convention method. We deny this request.

Based on well-established rules of statutory construction, we conclude that the General Assembly intended the new requirement of a primary referendum in section 7–11–30 to apply only to parties seeking to abandon the open primary method of nominating candidates in favor of the closed convention method. *See Greenville Cnty. Republican Party Executive Comm. v. S.C.*, 824 F.Supp.2d 655 (D.S.C.2011). Because petitioner has always utilized the convention method of nominating candidates, the Act does not require petitioner to adopt a primary nomination process in order to retain its convention method of nomination. Accordingly, we deny petitioner's request to require the Commission to conduct a Libertarian Party pri-

mary on June 10, 2014, and include a referendum on that ballot approving the use of the convention method in 2016.

TOAL, C.J., PLEICONES, BEATTY, KITTREDGE and HEARN, JJ., concur.