**FIRST DIVISION**
**PHIPPS, C. J.,**
**ELLINGTON, P. J., and MCMILLIAN, J.**

**NOTICE: Motions for reconsideration must be** *physically received* **in our clerk's office within ten days of the date of decision to be deemed timely filed.**
**http://www.gaappeals.us/rules/**

**March 27, 2015**

# In the Court of Appeals of Georgia

A14A2210. ARCHER FORESTRY, LLC et al. v. DOLATOWSKI.

PHIPPS, Chief Judge.

Mary Jean Franklin Dolatowski sustained injuries when the vehicle she was driving collided with a vehicle being driven by Steven Ray Archer. At the time of the collision, at about 2:00 p.m. on November 20, 2008, Archer was driving home in his employer's vehicle. In her ensuing tort action, Dolatowski named numerous defendants, including Archer and his employer, Archer Forestry, LLC (collectively, the Archer Defendants). Dolatowski claimed that the Archer Defendants were liable to her under theories of negligence.

The Archer Defendants filed a joint motion for summary judgment. Therein, they challenged Dolatowski's claims for punitive damages on the ground that she had failed to adduce sufficient evidence therefor; alternatively, they sought a ruling that,

given the evidence adduced, any award of punitive damages must be statutorily capped. Contesting liability, Archer Forestry argued that there was no evidence to support a finding of respondeat superior; and both defendants argued that Dolatowski was barred from any recovery due to her own (alleged) negligent driving and failure to avoid the consequences of their (alleged) negligence. The trial court entered a detailed order, rejecting the Archer Defendants' arguments that the evidence failed to justify punitive damages and failed to show respondeat superior. The court made no ruling, however, as to their remaining two challenges.

In this appeal, the Archer Defendants maintain that they were entitled to rulings in their favor on each ground asserted.[1] For reasons that follow, we reverse the rulings made by the trial court and remand the case for proceedings not inconsistent with this opinion.

Summary judgment is proper "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled

---

[1] This is a cross-appeal to *Dolatowski v. Eagle Rock Distributing Co.*, ___ Ga. App. ___, ___ (Case No. A14A2174, decided on March 27, 2015 ), which affirmed, under Court of Appeals Rule 36, the grants of summary judgment motions filed by other defendants.

to a judgment as a matter of law."[2] "Thus, to prevail on a motion for summary judgment, the moving party must demonstrate that there is no genuine issue of material fact, so that the party is entitled to judgment as a matter of law."[3] "In our de novo review of the grant [or denial] of a motion for summary judgment, we must view the evidence, and all reasonable inferences drawn therefrom, in the light most favorable to the nonmovant."[4]

1. The Archer Defendants contend that the trial court erred by concluding that they were not entitled to summary judgment on Dolatowski's claims for punitive damages, maintaining that Dolatowski failed to adduce evidence that would authorize such an award.

Pursuant to OCGA § 51-12-5.1 (b), "[p]unitive damages may be awarded only in such tort actions in which it is proven by clear and convincing evidence that the defendant's actions showed willful misconduct, malice, fraud, wantonness,

---

[2] OCGA § 9-11-56 (c).

[3] *Cowart v. Widener*, 287 Ga. 622, 623 (1) (a) (697 SE2d 779) (2010) (citations and punctuation omitted).

[4] Id. at 624 (1) (a) (citation and punctuation omitted); see *Norton v. Budget Rent A Car System*, 307 Ga. App. 501 (705 SE2d 305) (2010) (we review the denial of summary judgment de novo, viewing the evidence and all reasonable inferences therefrom in the light most favorable to the nonmoving party).

3

oppression, or that entire want of care which would raise the presumption of conscious indifference to consequences." Citing that statutory provision, the Supreme Court of Georgia has espoused,

> Something more than the mere commission of a tort is necessary for the imposition of punitive damages. Negligence alone, even gross negligence, is insufficient to support punitive damages. Punitive damages cannot be imposed without a finding of culpable conduct based upon either intentional and wilful acts, or acts that exhibit an entire want of care and indifference to consequences.[5]

Accordingly, this court has held, "In cases involving automobile collisions, punitive damages are authorized when the accident results from a pattern or policy of dangerous driving, such as *excessive* speeding or driving while intoxicated, but not when a driver simply violates a rule of the road."[6]

Countering the Archer Defendants' challenge, Dolatowski presented an accident reconstructionist's opinion that, immediately before impact, Archer was traveling approximately 48 - 51 miles per hour in a 45 miles per hour zone.

---

[5] *MDC Blackshear, LLC v. Littell*, 273 Ga. 169, 173 (4) (534 SE2d 356) (2000) (footnote omitted).

[6] *Lindsey v. Clinch County Glass*, 312 Ga. App. 534, 535 (718 SE2d 806) (2011) (emphasis supplied).

Additionally, Dolatowski cited evidence that, when the collision occurred, Archer was talking on his cell phone, which she maintains showed that Archer was a distracted driver.

We agree with the Archer Defendants. Construed in Dolatowski's favor, the evidence fell short of providing a basis for an award of punitive damages against either of them.[7] Accordingly, the trial court's ruling that the Archer Defendants were not entitled to judgment as a matter of law on Dolatowski's claims for punitive damages is reversed.

---

[7] See *Mastec North America v. Wilson*, 325 Ga. App. 863, 867-868 (755 SE2d 257) (2014) (determining that evidence that the driver was talking on his cell phone at the time of the accident and that he thereafter pled guilty to a traffic violation "too fast for conditions" was insufficient to support an award for punitive damages); *Lindsey*, supra at 534-535 (determining that plaintiff could not recover punitive damages against driver who admittedly caused accident due to being distracted while looking up a number on his cell phone, where there was no evidence that driver had a history of distraction-related accidents and there was no evidence showing a pattern of dangerous driving or other aggravating circumstances). Cf. *Langlois v. Wolford*, 246 Ga. App. 209, 210 (1) (539 SE2d 565) (2000) (determining that punitive damages were authorized, where the driver left the scene of an accident, was intoxicated, and had a history of prior DUIs and traffic violations).

2. Our holding in Division 1[8] renders moot the Archer Defendants' contention that the trial court erred by failing to cap punitive damages at $250,000 under OCGA § 51-12-5.1 (g).

3. Archer Forestry contends that the trial court erred when it failed to grant summary judgment on the issue of respondeat superior, maintaining that Dolatowski failed to adduce evidence from which a jury could find that Archer was in the course and scope of his employment at the time of the collision. We agree.

As explained in *Allen Kane's Major Dodge v. Barnes*,[9] "[w]hen a servant causes an injury to another, the test to determine if the master is liable is whether or not the servant was at the time of the injury acting within the scope of his employment and on the business of the master."[10]

> Where a tort occurs as a result of a vehicle collision in which the employee was driving his employer's vehicle, . . . the employer's liability must be analyzed under the burden-shifting framework espoused by the Supreme Court of Georgia in *Allen Kane's Major*

---

[8] Supra.

[9] 243 Ga. 776 (257 SE2d 186) (1979).

[10] Id. at 777 (citation and punctuation omitted).

*Dodge*.[11] Under this framework, a presumption arises that the employee was acting in the course and scope of his employment at the time of the collision, and the burden is then on the employer to show otherwise. An employer may overcome this presumption as a matter of law by presenting uncontradicted evidence showing that the employee was not acting in the course and scope of his employment. The employer is thereafter entitled to summary judgment unless other facts are proffered . . . from which a jury could reasonably infer that the employee was acting within the course and scope of his employment when the accident occurred.[12]

Here, it was uncontested that Archer was driving his employer's vehicle at the time of the collision. But Archer Forestry rebutted the presumption that thereby arose, citing evidence that when the collision occurred at about 2:00 p. m., Archer was driving home. "As a general rule, a servant in going to and from his work in an automobile acts only for his own purposes and not for those of his employer, and consequently the employer is not to be held liable for an injury occasioned while the servant is en route to or from his work."[13] As Archer recounted during his deposition,

---

[11] Supra.

[12] *Mastec North America v. Sandford*, 330 Ga. App. 250, 254-255 (1) (765 SE2d 420) (2014) (citation omitted).

[13] *Chattanooga Publishing Co. v. Fulton*, 215 Ga. 880, 883 (3) (114 SE2d 138) (1960) (citations and punctuation omitted); see *Mastec North America*, supra, 330 Ga.

7

his son was in the car at the time; earlier that day, he had picked up his son from middle school, and taken him to an appointment with a pediatrician; the two of them had left the doctor's office at about 1:30 p.m. When the collision occurred, Archer recounted, he was on his cell phone with his wife, discussing their son's doctor's visit.

Dolatowski maintains that she nevertheless created a factual issue regarding respondeat superior with evidence showing that, within the 25 minutes prior to the collision, Archer used his cell phone to make calls relating to his employer's business. Additionally, she cites evidence that at about 2:48 p.m. on the day in question, Archer again used his cell phone to make a call relating to his employer's business, which call lasted a few minutes. (But Archer deposed that he did not recall whether he was still at the scene of the accident at the time of that call.)

Even so, the evidence cited by Dolatowski created nothing for a jury to decide.[14] Contrary to cases such as *Hunter v. Modern Continental Constr. Co.*[15] and

---

App. at 254 (1) ("Generally, an employee traveling to or from work is not in the course of his employment but rather is engaged in a personal activity.") (citation and punctuation omitted); *Jones v. Aldrich Co.*, 188 Ga. App. 581, 583 (1) (373 SE2d 649) (1988).

[14] See *Master North America*, supra, 330 Ga. App. at 255-256 (1) (reiterating that to overcome summary judgment motion on the issue of respondeat superior, the

*Clo White Co. v. Lattimore*,[16] there was no evidence, or even an assertion, that Archer was on a business call at the time of the collision.

Given the foregoing, "[t]he evidence in the instant case demands the conclusion that, at the time of the collision complained of, [Archer] was using [Archer

---

plaintiff "must show that [the defendant-employee] was acting within the scope of his employment *at the time of the accident*") (emphasis in original); *Farzaneh v. Meritt Constr. Co.*, 309 Ga. App. 637, 640, n. 3 (710 SE2d 839) (2011) (reasoning that the evidence – that the employee had a company-issued cell phone with him at the time of collision, that he kept at least one company tool in his vehicle, and that he may have had a "vehicle allowance" – was insufficient to create respondeat superior liability for the employer, where the employee "was not using his [company]-issued cell phone when the collision occurred"); *Braddy v. Collins Plumbing & Constr.*, 204 Ga. App. 862-865 (420 SE2d 806) (1992) (affirming summary judgment to employer due to insufficient evidence to support a finding of respondeat superior liability, despite evidence that employee was driving a company-owned truck in which a two-way radio was installed for communicating during the work day with the job site). Accord *Short v. Miller*, 166 Ga. App. 265, 266 (304 SE2d 434) (1983) (stating that the mere fact that the employee was "on call" did not constitute evidence that he was in the service of his employer when the collision occurred).

[15] 287 Ga. App. 689 (652 SE2d 583) (2007) (where evidence showed that, at the time of the accident, the employee may have been on a work-related cell phone call or distracted by such a call that he chose not to answer, a jury question remained as to the employer's liability for its employee's actions).

[16] 263 Ga. App. 839, 840 (590 SE2d 381) (2003) (holding that a jury question was created as to the employer's potential liability for its employee's actions, where evidence "support[ed] the conclusion that [the employee] may have actually been on the phone regarding matters of company business *at the time of the accident*") (emphasis in original).

9

Forestry's] automobile for a purely personal mission of his own . . ., in no way connected with the business of [Archer Forestry], and not within the scope of his employment."[17] Archer Forestry was therefore entitled to summary judgment on the issue of respondeat superior.[18] The trial court's ruling holding otherwise is reversed.

4. The Archer Defendants contend that, pursuant to OCGA § 51-11-7 and cases such as *Weston v. Dunn Transportation & Stringer*,[19] they were entitled to summary judgment on the ground that Dolatowski's own (alleged) negligence barred any recovery against them. While this ground was argued to the trial court, the court made no ruling thereon in its detailed order.[20] And "we decline to address the[ ] ground[ ] on appeal because [it was] not ruled upon by the trial court."[21]

---

[17] *Chattanooga Publishing Co.*, supra.

[18] See *Cowart*, supra; *Master North America*, supra, 330 Ga. App. at 254-257 (1); *Farzaneh*, supra; *Braddy*, supra.

[19] 304 Ga. App. 84 (695 SE2d 279) (2010).

[20] The Archer Defendants asked for a ruling in their favor in their motion for reconsideration, but the court did not rule on that motion before the Archer Defendants perfected this appeal. See generally *Becker v. Fairman*, 167 Ga. App. 708, 709 (1) (307 SE2d 520) (1983) ("[A] motion for reconsideration does not extend the time for filing a notice of appeal.").

[21] *Medical Center of Central Ga. v. Macon*, 326 Ga. App. 603, 607 (2) (757 SE2d 707) (2014), citing inter alia, *City of Gainesville v. Dodd*, 275 Ga. 834, 838-839 (573 SE2d 369) (2002).

This case is hereby remanded to the trial court so that it may address the remaining ground advanced by the Archer Defendants.[22]

*Judgment reversed and case remanded. Ellington, P. J., and McMillian, J., concur*.

---

[22] See *City of Gainesville v. Dodd*, supra; *Medical Center of Central Ga.*, supra.