**SECOND DIVISION**
**MILLER, P. J.,**
**MERCIER and COOMER, JJ.**

NOTICE: Motions for reconsideration must be *physically received* in our clerk's office within ten days of the date of decision to be deemed timely filed.
https://www.gaappeals.us/rules

*DEADLINES ARE NO LONGER TOLLED IN THIS COURT. ALL FILINGS MUST BE SUBMITTED WITHIN THE TIMES SET BY OUR COURT RULES.*

**June 18, 2020**

# In the Court of Appeals of Georgia

A20A0363. RICHEY et al. v. THE KROGER COMPANY et al.

MILLER, Presiding Judge.

This appeal involves the death of Joshua Ray Richey after he was shot in the parking lot of a Kroger grocery store. The trial court granted summary judgment to Kroger and Norred & Associates, Inc. (the company that provided Kroger with security services), solely on the basis that recovery was barred as a matter of law because Richey had voluntarily taken affirmative steps to leave a clear position of safety and engage with a person who had entered his work truck without permission. Richey's surviving spouse appeals from the order, arguing that the trial court erred in granting summary judgment. The single issue that we decide today is whether there is a genuine issue of material fact regarding Richey's exercise of ordinary care. Having carefully considered the proper legal standards on summary judgment, as

applied to the facts of this case, we determine that a jury, and not the courts, must decide the question of Richey's exercise of ordinary care. Accordingly, we reverse, and this case is remanded to the trial court for further proceedings.

> When ruling on a motion for summary judgment, the opposing party should be given the benefit of all reasonable doubt, and the court should construe the evidence and all inferences and conclusions therefrom most favorably toward the party opposing the motion. Further, this court conducts a de novo review of the law and the evidence.

(Citations omitted.) *Habersham Venture, Ltd. v. Breedlove*, 244 Ga. App. 407, 407-408 (535 SE2d 788) (2000).

So viewed, the evidence shows that, as employees of RG Williams Construction, Richey and a co-worker were clearing debris from a bridge on Kroger's property during daylight hours. Richey had driven his work truck to the Kroger property and parked it in the lot. While the men worked, a black car parked next to Richey's truck, and a man exited the car, went into Richey's truck, and sat in the driver's seat. Richey and his co-worker jumped from a retaining wall and ran toward Richey's truck. When Richey approached the truck, he knocked on or slapped the driver's seat window, and the man in the driver's seat shot him through the window.

2

Richey died at the scene. Damarius Thompson was later convicted of Richey's murder and other offenses related to the incident.[1]

The appellant, individually, as the surviving spouse, and as the adminstratrix of Richey's estate, filed a lawsuit against Kroger and Norred & Associates. Richey alleged that both defendants were negligent in numerous respects, including failing to maintain, inspect, secure, patrol, and manage the premises; failing to warn of latent dangers on the premises; and failing to "remediate a very long history of crime at this property and others nearby." Kroger filed a motion for summary judgment, arguing in part that Richey chose to engage in combat and voluntarily joined an affray when he approached Thompson and that Richey failed to exercise ordinary care when he deliberately opted to leave a safe situation and run across the parking lot upon seeing Thompson inside his vehicle. Norred & Associates also filed a motion for summary

---

[1] The appellant argues that evidence from the criminal trial was not admissible for purposes of summary judgment. This issue was discussed at the summary judgment hearing, but the trial court did not rule on it. Therefore, we will not address the admissibility of such evidence in the first instance and instead "will consider only whether the record as we now find it . . . is enough to get [the appellant] past summary judgment." *Toyo Tire North America Mfg., Inc. v. Davis*, 299 Ga. 155, 159-161 (2) (787 SE2d 171) (2016) (urging caution about deciding questions of admissibility upon which a trial court has not ruled because "questions of admissibility generally are committed to the sound discretion of the trial courts").

judgment, arguing, inter alia, that Richey had not exercised due care for his own safety when he ran across the parking lot to confront Thompson.

After a hearing, the trial court granted summary judgment to Kroger and Norred & Associates. The trial court determined that Richey had been in a position of safety and had the opportunity to consider options such as calling the police before he chose to leave his position of safety and engage the individual who had broken into his truck, and thus Richey's decision barred recovery as a matter of law. This appeal followed.

1. The appellant argues that the trial court erred in granting summary judgment to both defendants because Richey did not join an affray in returning to his truck and there is a jury question regarding whether his actions were reasonable under the circumstances. We determine that genuine issues of material fact exist regarding any negligence by Richey and the grant of summary judgment was therefore error.

"There are four elements to any tort action: duty, breach, causation, and damages." (Citation omitted.) *Millan v. Residence Inn By Marriott, Inc.*, 226 Ga. App. 826, 828 (487 SE2d 431) (1997). As relevant to the trial court's order, two contributory negligence defenses may bar a plaintiff's right of recovery in a negligence action. *Garrett v. NationsBank, N.A. (South)*, 228 Ga. App. 114, 118 (491

4

SE2d 158) (1997). "First[,] the plaintiff must at all times use ordinary care for [his] own safety; . . . and second, the plaintiff must use ordinary care to avoid the consequences of the defendant's negligence when it is apparent or when in the exercise of ordinary care it should become apparent." (Citation and punctuation omitted.) Id. The issue of a plaintiff's exercise of ordinary care for his own safety "may be summarily adjudicated where the plaintiff's knowledge of the risk is clear and palpable." (Citation omitted.) *Rappenecker v. L.S.E., Inc.*, 236 Ga. App. 86, 87 (510 SE2d 871) (1999). See also *North DeKalb Little League, Inc. v. Holland*, 119 Ga. App. 439, 439 (1) (168 SE2d 169) (1969) ("One who recklessly tests an observed and clearly-obvious peril is guilty of a lack of ordinary care[.]") (citation omitted). The second defense, known as the avoidable consequences doctrine, "denies recovery for any damages which could have been avoided by reasonable conduct on the part of the plaintiff." (Citation omitted.) *R & R Insulation Servs., Inc. v. Royal Indem. Co.*, 307 Ga. App. 419, 433 (6) (a) (705 SE2d 223) (2010). See OCGA § 51-11-7. As a general proposition, however, these issues "should be resolved by trial in the ordinary manner." (Citation omitted.) *Bennett v. MARTA*, 316 Ga. App. 565, 566 (730 SE2d 52) (2012). Therefore, "[e]xcept in plain, palpable and undisputed cases where reasonable minds *cannot differ* as to the conclusions to be reached," the questions of

5

"lack of ordinary care for one's own safety," and "lack of ordinary care in avoiding the consequences of another's negligence . . . are for the jury." (Citation omitted; emphasis supplied.) *McCray v. FedEx Ground Package System, Inc.*, 291 Ga. App. 317, 322 (1) (661 SE2d 691) (2008).

When the evidence is construed most favorably toward the appellant, as it must be, "[w]e cannot find, as a matter of law, that *no* prudent person would have acted as [Richey] did under the circumstances." (Emphasis supplied.) *McCray*, supra, 291 Ga. App. at 322. Similarly, we cannot say that Richey tested "an observed and clearly-obvious peril," such that he lacked ordinary care for his safety as a matter of law.[2]

First, there is no evidence in the record that Richey saw Thomson with a weapon or otherwise observed or knew that he was armed. Second, while we can glean that Richey ran toward Thompson after seeing him inside his truck without permission, Richey did not inject himself into an ongoing fight or situation which was violent, combative, or assaultive, such that he had a *clear and palpable* knowledge

---

[2] We note that although Kroger references the Supreme Court of Georgia's decision in *Lowry v. Atlanta Joint Terminals*, 145 Ga. 782 (89 SE 832) (1916), in which the plaintiff was injured by a car thief, the Supreme Court in that case determined that the plaintiff could not recover because he had assumed the risk of his job as a railroad detective. Id. at 783. That holding is therefore inapplicable here.

of the risk of being physically harmed. Compare *Habersham Venture v. Breedlove*, 244 Ga. App. 407, 410 (4) (535 SE2d 788) (2000) (plaintiff "voluntarily chose to enter into mutual combat with the assailants"); *Fagan v. Atnalta, Inc.*, 189 Ga. App. 460, 460-461 (376 SE2d 204) (1988) (plaintiff at a bar "thrust himself into the melee" after a man grabbed a bartender by the collar); *Rappenecker*, supra, 236 Ga. App. at 87-88 (1) (plaintiff injected himself into a volatile situation by confronting a person who blocked his path and spit at him and also conceded that he had probably acted in a manner calculated to put him in a precarious situation); *Cornelius v. Morris Brown College*, 299 Ga. App. 83, 86 (3) (681 SE2d 730) (2009) (plaintiff joined a fight already begun). Third, the record does not show that Richey had any prior interaction or familiarity with Thompson which would have revealed that Thompson intended to harm him, and we have no evidence whatsoever that Richey approached Thompson amidst a fear of Thompson being violent toward him. Compare *Snellgrove v. Hyatt Corp.*, 277 Ga. App. 119, 124 (3) (625 SE2d 517) (2006) ("clear and palpable evidence show[ed] that [the plaintiff] was aware of [the combatant's] intention to cause him harm based on their first altercation outside of the front entrance" of the hotel); *Fernandez v. Georgia Theatre Co. II*, 261 Ga. App. 892, 892 (583 SE2d 926) (2003) (despite fearing violence from his attacker, plaintiff

confronted man who was cursing loudly).[3] Lastly, while we recognize that Richey left

a place of relative safety when he ran toward his truck, given the facts above he did

not voluntarily assume a position of *imminent* danger of being murdered, so as to lead

us to the conclusion that recovery is barred as a matter of law. See *Shuman v.*

*Mashburn*, 137 Ga. App. 231, 235 (3) (223 SE2d 268) (1976) (explaining that a

person who is injured by voluntarily assuming a position of "imminent" danger when

there is an accessible place of safety cannot recover against a negligent party). See

also *Swope v. Greenbriar Mall Ltd. Partnership*, 329 Ga. App. 460, 461-462 (1) (765

SE2d 396) (2014) (describing the danger as "imminent" where the plaintiff

deliberately put himself in a robber's line of fire to act as a shield).

To be sure, there may be a risk in approaching an intruder into one's car. But

the operative question before us is whether this is such a plain, palpable, and

undisputable case, that the issue of ordinary care should be withheld from the jury

outright. This is not such a case. As the Supreme Court of Georgia held decades ago,

---

[3] While Norred & Associates claims that Richey saw Thompson breaking into his vehicle and voluntarily confronted "a known criminal," there is no telling from the record whether Richey saw Thompson as he was breaking into the truck or whether he only observed Thompson sitting in the driver's seat of the truck. We therefore cannot say definitively that Richey had observed Thompson using force before deciding to confront him.

8

"[e]ven where there is no dispute as to the facts, it is . . . usually for the jury to say whether the conduct in question met the standard of the reasonable man." *Ellington v. Tolar Const. Co.*, 237 Ga. 235, 237 (II) (227 SE2d 336) (1976). And a reasonable jury *could* conclude that because Richey did not see Thompson armed; did not knowingly insert himself into an existing altercation; had no previous contact with Thompson or knowledge that Thompson intended harm; and did not inject himself into imminent danger, Richey did not fail to exercise ordinary care in approaching the truck. Because a reasonable jury *could* arrive at this conclusion after taking into account all the circumstances existing at the time, the summary adjudication of this case would usurp the province of the jury. See, e.g., *Brown v. All-Tech Inv. Group, Inc.*, 265 Ga. App. 889, 896 (1) (595 SE2d 517) (2003) (affirming the trial court's grant of summary judgment because "no reasonable jury" could find in the plaintiff's favor on the issue of proximate cause); *Pique v. Lee*, 218 Ga. App. 357, 358 (461 SE2d 302) (1995) ("[N]either the presence nor absence of negligence should be summarily adjudicated, but should be resolved by the trier of facts unless only one conclusion is permissible."). The evidence as to Richey's own negligence, if any, is not plain, palpable, and undisputable, and therefore this issue should be determined

9

by a jury. Accordingly, the trial court erred in granting summary judgment to Kroger and Norred & Associates.

2. Kroger and Norred & Associates urge the Court to nevertheless affirm the trial court's grant of summary judgment on various other grounds, including assumption of the risk and proximate cause. Kroger also argues that the appellant's claims for negligence per se, negligent training and supervision, failure to warn, loss of consortium, attorney fees, and punitive damages all fail. Separately, Norred & Associates claims that it is not liable to the appellant because Richey was not a third-party beneficiary of its contract with Kroger and Norred & Associates neither owed nor breached any duty to Richey under its contract. Norred & Associates also advances its own arguments regarding the merits of the appellant's claims for attorney fees and punitive damages. We decline to affirm the trial court's judgment based on any of these arguments or otherwise consider them.

The trial court granted summary judgment to both Kroger and Norred & Associates solely on the basis of Richey's exercise of ordinary care. While this Court periodically affirms a trial court's grant of summary judgment as "right for any reason," our Supreme Court has characterized the application of this rule as discretionary. *Kammerer Real Estate Holdings*, *LLC v. Forsyth County Bd. of*

10

*Commrs.*, 302 Ga. 284, 285 (1) n.2 (806 SE2d 561) (2017). Further, "the tenant that the appellate courts do not rule on issues not ruled on by the trial courts preserves the appellate courts' jurisdiction and delineates the proper roles of the courts." (Citation and punctuation omitted.) *Maynard v. Snapchat, Inc.*, 346 Ga. App. 131, 137 (2) (816 SE2d 77) (2018). Given that the parties have presented multiple and separate grounds for summary judgment, many of which were stridently contested below, we decline to address the additional arguments which Kroger and Norred & Associates raise on appeal. See *Archer Forestry, LLC v. Dolatowski*, 331 Ga. App. 676, 681 (4) (771 SE2d 378) (2015) (declining to affirm the grant of summary judgment on the alternative ground that the plaintiff's alleged negligence barred recovery though this argument was raised below). See also *Maynard*, supra, 346 Ga. App. at 137 (2) (declining to apply the right-for-any-reason rule where the arguments raised were "hotly contested below and require[d] a review of issues within the trial court's discretion"). Accordingly, we reverse the trial court's grant of summary judgment to Kroger and Norred & Associates and we remand this case to the trial court so that it may address the remaining grounds advanced by the parties.

*Judgment reversed and case remanded. Mercier and Coomer, JJ., concur.*

11